[Civ. No. 23132.   First Dist., Div. Two.   June 22, 1966.]

JOHN C. DAVIS, Plaintiff and Appellant, v. MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Ralph A. Sullivan for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and James B. Cuneo, Deputy Attorneys General, for Real Party in Interest and Respondent.

SHOEMAKER, P. J.—On October 15, 1964, defendant John Davis was charged by criminal complaint with having

committed seven violations of Penal Code, section 146c, and seven violations of Business and Professions Code, section 17500.

On November 18, 1964, defendant demurred to the complaint on the ground that none of the facts therein alleged constituted a public offense for the reason that both statutes which defendant was alleged to have violated were unconstitutional.

On March 19, 1965, the municipal court overruled the demurrer.

On May 20, 1965, defendant filed in the superior court a petition for an alternative and permanent writ of prohibition. The petition, like the demurrer, was based upon the ground that Penal Code, section 146c, and Business and Professions Code, section 17500, were both unconstitutional.

By order of July 19, 1965, said court, after hearing, denied defendant's petition for a permanent writ.

Defendant appeals from said order.

In his opening brief, defendant states that he has abandoned his attack upon Business and Professions Code, section 17500, and has accordingly confined his arguments on appeal to the constitutionality of Penal Code, section 146c. That section provides: ''Every person who designates any nongovernmental organization by any name, including, but not limited to any name which incorporates the term 'peace officer,' 'police,' or 'law enforcement,' which would reasonably be understood to imply that the organization is composed of peace officers, when, in fact, less than 90 percent of the voting members of the organization are peace officers or firemen, active or retired, is guilty of a misdemeanor.

''Every person who solicits another to become a member of any such organization so named, of which less than 90 percent of the voting members are peace officers or firemen, or to make a contribution thereto or subscribe to or advertise in a publication of such organization, or who sells or gives to another any badge, pin, membership card, or other article indicating membership in such organization, knowing that less than 90 percent of the voting members are peace officers or firemen, active or retired, is guilty of a misdemeanor.

''As used in this section, 'peace officer' includes those mentioned in Section 817, plus any other officers in any segment of law enforcement who are employed by the State or any of its political subdivisions.''

Defendant contends that the statute does not meet the requirements of due process because its language is too vague and indefinite to define the crime prohibited with sufficient certainty. He relies upon *Connally* v. *General Const. Co.* (1926) 269 U.S. 385, 391 [46 S.Ct. 126, 70 L.Ed. 322], wherein it is stated " [t]hat the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. . . ."

Defendant's attack is leveled on that part of the statute which states that "Every person who designates any nongovernmental organization by any name . . . which would reasonably be understood to imply that the organization is composed of peace officers . . . is guilty of a misdemeanor." We gather that his contention is that the phrase "reasonably be understood to imply" does not provide a sufficiently explicit standard for those persons subject to the ordinance. He also asserts that the mere act of "designating" cannot, under any circumstances, be equated with the commission of a crime.

We do not agree that the phrase "reasonably be understood to imply" fails to meet the constitutional standard required. The rule is well established that although the words of a particular statute may not mean "the same thing to all people, all the time, everywhere," they do not offend the requirements of due process if they "give adequate warning of the conduct proscribed and mark '. . . boundaries sufficiently distinct for judges and juries fairly to administer the law. . . . That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is not sufficient reason to hold the language too ambiguous to define a criminal offense. . . .' " (*Roth* v. *United States* (1957) 354 U.S. 476, 491-492 [77 S.Ct. 1304, 1 L.Ed.2d 1498] ; to the same effect, see *Canon* v. *Justice Court* (1964) 61 Cal.2d 446, 450 [39 Cal.Rptr. 228, 393 P.2d 428].)

The language complained of does give adequate warning of the conduct proscribed and does furnish a sufficiently distinct standard for the administration of the statute. Moreover, defendant ignores the fact that the statue gives specific examples of the type of names proscribed, among which is that of any name incorporating the term "law enforcement," and that in the instant case defendant was charged with soliciting others to subscribe to and advertise in

a publication of the "Western States Law Enforcement Officers Association."

Defendant cites no authority in support of his contention that the act of "designating" cannot properly be prohibited by penal statute. ■ The word "designate," as it is employed in section 146c, obviously means to name or to entitle. ■ It is also obvious that the first portion of the statute was designed to prohibit any person from knowingly misrepresenting, through the use of a deceptive and misleading title, the nature of an organization of the type specified in the statute. (See *People* v. *Seter* (1963) 216 Cal.App.2d 238 [30 Cal.Rptr. 759].) We are convinced that there is nothing inherently unreasonable in a legislative prohibition of this nature.

■ Moreover, even if there were merit to defendant's attack upon that portion of the statute which proscribes the act of designating, defendant would not be entitled to a reversal of the order appealed from. Defendant was not charged with "designating" any organization by a name violative of the first paragraph of the statute, but was charged with soliciting others to subscribe to and advertise in a publication of an organization which was in fact "named" in the manner prohibited. Under such circumstances, defendant's contention that the act of designating may not constitutionally be proscribed is effectively foreclosed by the fact that he has not shown himself to be one of the class who he claims may be aggrieved. (*In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]; *People* v. *Perry* (1931) 212 Cal. 186, 193 [298 P. 19, 76 A.L.R. 1331]; *People* v. *Hicks* (1963) 222 Cal.App.2d 265, 270 [35 Cal.Rptr. 149].)

■ Defendant attempts to avoid the effect of this rule by asserting that the allegedly unconstitutional portion of section 146c is inseparable from the remainder. We do not agree. ■ The law is settled that unconstitutional provisions will not vitiate an entire statute unless they enter so entirely into the scope and design of the law as to render it impossible to maintain the statute without the objectionable provisions. (*Hamer* v. *Town of Ross* (1963) 59 Cal.2d 776, 789 [31 Cal. Rptr. 335, 382 P.2d 375]; *Danskin* v. *San Diego Unified Sch. Dist.* (1946) 28 Cal.2d 536, 555 [171 P.2d 885]; *People* v. *Lewis* (1939) 13 Cal.2d 280, 284 [89 P.2d 388].)

■ The statute involved in the present case creates two separate offenses: (1) the crime of designating an organization by a name of the type prohibited by the first paragraph of the

statute, and (2) the crime of soliciting upon behalf of an organization so named. Even if that portion of the statute which proscribes the act of designating were to be held invalid, we can conceive of no reason why that portion of the statute which proscribes solicitation on behalf of an organization named in the manner specified could not be independently maintained and enforced.

Order affirmed.

Agee, J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1966. Mosk, J., did not participate therein.