[Civ. No. 12951. Third Dist. June 21, 1972.]

MICHAEL L. ALFORD, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO JUDICIAL
DISTRICT OF SACRAMENTO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Joseph S. Samuel and Glenn W. Groenewold for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Charles A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Charles P. Just and Willard F. Jones, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

## OPINION

**PIERCE, J.**[*]—On May 26, 1970, a complaint was filed charging petitioner with a violation of section 614, subdivision (d), of the Military and Veterans Code.[1] That section provided at the time: "A person is guilty of a misdemeanor who:

"
.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(d) Publicly mutilates, defaces, defiles, or tramples any such flag." The words "any such flag" refer to Military and Veterans Code section 611 where, at the same time, a flag was defined as follows: ". . . every flag,

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]All code references herein are to the Military and Veterans Code. In respects not here relevant, sections 611 and 614 have been amended by chapter 1364 of the Statutes of 1970.

standard, color, or ensign authorized by the laws of the United States or of this State, and every picture or representation thereof, of any size, made of any substance, or represented on any substance evidently purporting to be any such flag, standard, color, or ensign of the United States or of this State, and every picture or representation which shows the design thereof."

■ Petitioner Alford demurred to the complaint. The municipal court overruled the demurrer. Alford unsuccessfully sought prohibition in the superior court and appealed to this court. Of Alford's several grounds as to the reason the statutes are unconstitutional, this court reaches the conclusion that said code section 614, subdivision (d), as defined by section 611 is unconstitutional because it is void for overbreadth.

## THE LAW APPLICABLE

Section 614, subdivision (d), cannot be read in isolation. It refers to "such flag" which has been defined by section 611. Both sections must be considered together.

Section 614, subdivision (d), uses the words "mutilates, defaces, defiles, or tramples. . . ." In Webster's New International Dictionary, second edition (to which reference is made for closer definition), these words have a similarity of meaning—one which effectually evokes the same picture. The Legislature did not intend to cover nonverbal conduct solely. (Especially we note the dictionary definition of "trample" includes "to *trample* . . . upon one's feelings," an act seemingly performed in a contemptuous or ruthless fashion by words.) In sum we conclude that the Legislature intended the use of words as not a necessary but as an included adjunct of punishable conduct; as when one, for example, marks a vile epithet upon a flag.

It is in the definition of flag, however, stated in section 611, that overbreadth occurs and here it runs rampant. "Flag" is defined to include "every picture or representation [of a flag] made of any substance, or represented on any substance . . . and every picture or representation which shows the design thereof." The flags so referred to are the United States flag and the flag of California.

The limits of the "overbreadth" trumpeted by the language used in section 611 is fixed only by the limits of one's imagination. Three out of thousands of American-flag-depicted articles will suffice as illustrations: (1) The decals on the back windows of the automobiles of motorists, (2) a martini toothpick mounted with a flag designed to spear an olive, and (3) a picnic napkin decorated with a flag and intended for the garbage

can after use. All of these come within the unequivocal unambiguous terms of section 611 as acts made punishable by section 614, subdivision (d).

We will wield a broad brush but nevertheless a firm one in denouncing the legislative attempt to force upon citizens a love for any particular state. That it cannot accomplish without doing violence to the First Amendment. Loyalty to the state of one's residence is a usual and desirable social behavior. But legislative prohibition of defacement of a state flag has a First Amendment implication. Any person has the right to dislike the state within which he lives and to say so.

In *Castro* v. *Superior Court* (1970) 9 Cal.App.3d 675 [88 Cal.Rptr. 500], the court discussed the effect of overbreadth in cases where the question of First Amendment implications is present. In *Castro* it is stated on pages 683-684: "[S]ince we are dealing with First Amendment rights, '[b]road prophylactic rules . . . are suspect' and '[p]recision of regulation must be the touchstone in an area so closely touching our most precious freedoms.' (*N.A.A.C.P.* v. *Button,* 371 U.S. 415, 438 [9 L.Ed.2d 405, 421, 83 S.Ct. 328]; see also *Interstate Circuit* v. *Dallas,* 390 U.S. 676, 682 [20 L.Ed.2d 225, 230, 88 S.Ct. 1298]; *Ashton* v. *Kentucky,* 384 U.S. 195 [16 L.Ed.2d 469, 86 S.Ct. 1407]; *Cantwell* v. *Connecticut,* 310 U.S. 296, 307 [84 L.Ed. 1213, 1219, 60 S.Ct. 900, 128 A.L.R. 1352]; *Burton* v. *Municipal Court,* 68 Cal.2d 684, 691 [68 Cal.Rptr. 721, 441 P.2d 28]; *In re Berry,* 68 Cal.2d 137, 155 [65 Cal.Rptr. 273, 436 P.2d 273]; *In re Bell,* 19 Cal.2d 488, 496-497 [122 P.2d 22].) 'Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity.' (*N.A.A.C.P.* v. *Button, supra,* 371 U.S. at p. 433 [9 L.Ed.2d at p. 418].) Standards laid down must be in 'terms susceptible of objective measurement.' (*Cramp* v. *Board of Public Instruction,* 368 U.S. 278, 286 [7 L.Ed.2d 285, 291, 82 S.Ct. 275].) Finally and, in this particular case, most vitally, the regulation must not be of such a nature as to frighten those coming within its sweep into limiting 'their behavior to that which is unquestionably safe.' (*Keyishian* v. *Board of Regents of New York,* 385 U.S. 589, 609 [17 L.Ed.2d 629, 644, 87 S.Ct. 675]; see also *Dombrowski* v. *Pfister,* 380 U.S. 479, 486 [14 L.Ed.2d 22, 28, 85 S.Ct. 1116]; *Shelton* v. *Tucker,* 364 U.S. 479, 487 [5 L.Ed.2d 231, 236, 81 S.Ct. 247].)

"As our own Supreme Court said quite recently in *In re Kay,* 1 Cal.3d 930, 941 [83 Cal.Rptr. 686, 464 P.2d 142]: 'We recognize, of course, that because "the 'threat of sanctions may deter almost as potently as the application of sanctions' " (*Burton* v. *Municipal Court* (1968) 68 Cal.2d 684, 691 [68 Cal.Rptr. 721, 441 P.2d 281]), "constitutionally permissible

restrictions upon the exercise of First Amendment rights . . . must be drawn with a narrow specificity calculated to prevent repression of expressive activities as to which restriction is constitutionally forbidden." (*In re Berry* (1968) 68 Cal.2d 137, 155 [65 Cal.Rptr. 273, 436 P.2d 273]; see, e.g., *Dombrowski* v. *Pfister* (1965) 380 U.S. 479, 486-487 [14 L.Ed.2d 22, 28-29, 85 S.Ct. 1116]; *NAACP* v. *Button* (1963) 371 U.S. 415, 432-433 [9 L.Ed.2d 405, 417-418, 83 S.Ct. 328].)' "

Our Supreme Court has said substantially the same thing and it has cited a number of the same cases in *Fort* v. *Civil Service Commission* (1964) 61 Cal.2d 331 at page 337 [38 Cal.Rptr. 625, 392 P.2d 385]. We learn two lessons from the cases quoted and from the cases cited in the cases quoted in that decision and in *Castro, supra*: When a statute involves a First Amendment right and it is being tested for overbreadth (1) it will not do to say in a given case that 'a statute or statutes under review may be constitutional sometimes, and for some purposes, and void otherwise. Such statutes are valid always or they are altogether void; (2) reasonable strictness of interpretation must be applied by the courts. Here it would be an impermissible stretching of judicial latitude to hold (to use the illustrations referred to above) that the superimposition of a peace symbol on an American flag automobile decal (see *Crosson* v. *Silver* (D.Ariz. 1970) 319 F.Supp. 1084, 1089 (three-judge court)), or the flag's defacement by mutilating a cocktail toothpick adorned in that way, or the deliberate trampling of a picnic napkin embellished with a picture of the flag could put the actor into potential jeopardy as a miscreant. The statute is unconstitutionally overbroad. We so hold.

There are many flag desecration cases. (See: the annotation of cases compiled at 22 L.Ed.2d, p. 972 et seq.) Not all of these cases are consistent. The most recent case of the United States Supreme Court that has been called to our attention is the five-to-four decision in *Street* v. *New York* (1969) 394 U.S. 576 [22 L.Ed.2d 572, 89 S.Ct. 1354].

The holding of the majority in *Street* is stated (on p. 581 of 394 U.S. [p. 578 of 22 L.Ed.2d]): "[W]e hold that [the New York statute there involved] was unconstitutionally applied in appellant's case because it permitted him to be punished merely for speaking defiant or contemptuous words about the American flag." That holding was in a case where the appellant had, after the assassination of James Meredith, both burned the American flag and had said, "We don't need no damn flag," and "If they let that happen to Meredith we don't need an American flag." The reasons why the majority considered those words, as distinguished from the act of burning the flag, to be within the proper scope of the First Amendment

are, to this court, abstruse and we defer explanation to the language of the separate dissenting opinions of Chief Justice Warren, and Justices Black, White, and Fortas. This court cannot, with conviction, say that the high court would have found the California statute unconstitutional on the same ground. The decision was on appeal after trial and the point upon which we base our opinion was not reached. Had it been reached on the facts of *that* case and on the basis of the California statutes, we can see no reason why the United States Supreme Court would have sidetracked such cases as *N.A.A.C.P.* v. *Button* (1963) 371 U.S. 415 [9 L.Ed.2d 405, 83 S.Ct. 328], and others.

Flag desecration cases appear to be rare in California. Only one has been cited to us. *People* v. *Cowgill* (1969) 274 Cal.App.2d Supp. 923 [78 Cal.Rptr. 853], a decision of the Appellate Department of the Superior Court of Los Angeles, held that section 614, subdivision (d) was constitutional. (§ 611 was not referred to.) *Street* v. *New York, supra,* 394 U.S. 576, 581 [22 L.Ed.2d 572, 578], was cited but it was held that because section 614, subdivision (d) does not expressly refer to words but solely to acts, words were not contemplated, only mute desecration. For reasons which we have explained above, we disagree with *Cowgill, supra.*

The order denying the writ is reversed with directions to the superior court to issue a peremptory writ of prohibition.

Regan, Acting P. J., and Janes, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 16, 1972. McComb, J., was of the opinion that the petition should be granted.