[Civ. No. 53203. First Dist., Div. Two. June 16, 1982.]

GAIL MANNING, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Anne Flower Cumings for Plaintiff and Appellant.

Margaret C. Crosby, Alan L. Schlosser and Amitai Schwartz as Amici Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Martin S. Kaye and Dane R. Gillette, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**ROUSE, Acting P. J.**—Defendant, Gail Manning, was charged by a first amended complaint, filed in the municipal court, which alleged a violation of section 316 of the Penal Code in that she "did willfully and unlawfully keep a house used for the purpose of assignation or prostitution, and did let rooms, apartments, or tenements, knowing that it [*sic*] was to be used for the purpose of assignation or prostitution."[1] She demurred to the complaint, contending, inter alia, that section 316 was unconstitutional because it was overbroad and void for vagueness. The municipal court overruled the demurrer, and defendant then sought a peremptory writ of mandamus or prohibition from the superior court to compel the municipal court to sustain the demurrer. The superior court denied her such relief and now she has appealed from the order of denial.[2]

■ Defendant claims that section 316 is so worded that its enforcement could infringe upon an individual's constitutional right to privacy. To the extent that the statute prohibits conduct described as an "assignation," we agree.

■ If a statute is worded in such a manner that its enforcement could infringe upon the exercise of a First Amendment right, then that statute must be held void for overbreadth even though the statute also prohibits conduct which is not protected by the First Amendment and

---

[1] Section 316 provides that "Every person who keeps any disorderly house, or any house for the purpose of assignation, or prostitution, or any house of public resort, by which the peace, comfort, or decency of the immediate neighborhood is habitually disturbed, or who keeps any inn in a disorderly manner; and every person who lets any apartment or tenement, knowing that it is to be used for the purpose of assignation or prostitution, is guilty of a misdemeanor."

Unless otherwise specified, all statutory references are to the Penal Code.

[2] Plaintiff also purports to appeal from the denial of her motion to strike the return filed by the district attorney. That order is nonappealable but reviewable on appeal from the order denying plaintiff's petition for a writ of mandamus or prohibition.

which could properly be prohibited pursuant to a reasonable exercise of the police power. (*Alford* v. *Municipal Court* (1972) 26 Cal.App.3d 244, 247-248 [102 Cal.Rptr. 667].) In the case of *In re Bell* (1942) 19 Cal.2d 488, 496 [122 P.2d 22], the California Supreme Court observed that "It is not the function of the court to determine whether the restrictions imposed by the legislation can be validly applied to the facts of a particular case.... Language prohibiting conduct that may be prohibited and conduct that may not affords no reasonably ascertainable standard of guilt and is therefore too uncertain and vague to be enforced. [Citations.] A conviction based upon such a statute cannot stand even though the acts of misconduct in the particular case could be validly prohibited by properly drafted legislation. [Citations.]" (To the same effect, see *In re Porterfield* (1946) 28 Cal.2d 91, 115 [168 P.2d 706, 167 A.L.R. 675]; *Rees* v. *City of Palm Springs* (1961) 188 Cal. App.2d 339, 347 [10 Cal.Rptr. 386].)

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application is in violation of the first essential of due process of law. (*Connally* v. *General Const. Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126]; *Katzev* v. *County of Los Angeles* (1959) 52 Cal.2d 360, 370 [341 P.2d 310]; *Mandel* v. *Municipal Court* (1969) 276 Cal.App.2d 649, 660 [81 Cal.Rptr. 173].)

Section 316 was enacted in 1872 and has been amended once, during the 1873-1874 session of the state Legislature. (Code Amend. 1873-1874, ch. 614, § 26, p. 430.) We must assume that, in those times, the word "assignation," as set forth in the statute, was generally understood to denote conduct involving the commercial exploitation of illicit sexual activities. However, we believe that the use of the word for such purpose, in today's world, would fall far short of its mark. The *present* definition of "assignation" is sufficiently uncertain as to make it unlikely that an average individual, desirous of avoiding prosecution under section 316, would have any clear idea of what conduct fell within the purview of that term.

Webster's Seventh New Collegiate Dictionary (1971), at pages 53, 953, defines "assignation" as "1: the act of assigning or the assignment made; *esp.*: ALLOTMENT 2: TRYST." The word "tryst" is defined as "1: an agreement (as between lovers) to meet 2: an appointed meeting or meeting place." Nothing in these definitions suggests conduct which is immoral, let alone illegal. Since the state has no legitimate interest in

prohibiting even lewd and dissolute · sexual conduct unless it occurs within the presence of individuals who might be offended by it (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 256-257 [158 Cal.Rptr. 330, 599 P.2d 636]), then it is obvious that it has even less interest in prohibiting a lover's tryst occurring within the privacy of an individual's apartment or hotel room.

We conclude that the word "assignation," as used in section 316, is too vague to give notice to a potential offender of the conduct to be avoided; also, such vagueness allows for the exercise by the police of unfettered discretion to determine for themselves what conduct shall be deemed to constitute an "assignation." (See *Papachristou* v. *City of Jacksonville* (1972) 405 U.S. 156, 168-170 [31 L.Ed.2d 110, 119-120, 92 S.Ct. 839].)

■ The principle is well established that we should not pronounce a statute unconstitutional unless such result is necessary to the proper disposition of a cause. (*Mandel* v. *Hodges* (1976) 54 Cal.App.3d 596, 618-619 [127 Cal.Rptr. 244, 90 A.L.R.3d 728].) Even when such a result is indicated, an unconstitutional enactment may be upheld in part if it can be said that such part is complete in itself and would have been adopted by the Legislature had that body foreseen the partial invalidity of the statute. (*O'Kane* v. *Catuira* (1963) 212 Cal.App.2d 131, 141 [27 Cal.Rptr. 818, 94 A.L.R.2d 487].) Unconstitutional provisions will not vitiate an entire act unless they enter so entirely into the scope and design of the law that it would be impossible to maintain it without the invalid provisions. (*In re King* (1970) 3 Cal.3d 226, 237 [90 Cal.Rptr. 15, 474 P.2d 983]; *Davis* v. *Municipal Court* (1966) 243 Cal.App.2d 55, 59 [52 Cal.Rptr. 189].) The test of severability is whether the invalid parts of a statute can be severed from the otherwise valid parts without destroying the statutory scheme or utility of the remaining provisions. (*Dillon* v. *Municipal Court* (1971) 4 Cal.3d 860, 872 [94 Cal.Rptr. 77, 484 P.2d 945]; *Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal.2d 228, 238 [18 Cal.Rptr. 501, 368 P.2d 101].)

■ Here, under settled rules of statutory construction, the portions of the statute which prohibit prostitution appear readily severable from those which prohibit conduct described as "assignation"; thus we cannot accept defendant's contention that the entire statute must be declared unconstitutional. However, in this instance, the question of whether the prosecution could have lawfully proceeded against defendant solely on the charge of engaging in conduct furthering prostitution is not before

us. The prosecutor declined to follow the trial court's suggestion that he delete from the complaint all references to "assignation" and proceed against defendant solely on those portions of the statute referring to "prostitution." Instead, the prosecutor insisted upon continuing to charge violations of both portions of the statute, thereby forcing the matter through a laborious appellate process to this predictable result.

The purported appeal from the order denying plaintiff's motion to strike the district attorney's return is dismissed. The order denying the petition for writ of mandate/prohibition is reversed, and the trial court is directed to issue a writ of mandate compelling defendant municipal court to sustain the demurrer to the complaint which charges plaintiff with violating section 316.

Miller, J., and Smith, J., concurred.