WHYTE, P. J.
Defendant was convicted of violating subdivision (d) of section 614 of the Military and Veterans Code which makes it a misdemeanor to publicly mutilate, deface, defile or trample upon a flag of the United States. Defendant admitted that he caused a flag of the United States to he cut and sewn into a vest and wore that vest on the public streets. It is not necessary to determine whether the mutilation stopped with the cutting and sewing in private or whether the entire act of cutting, sewing and wearing were so intertwined as to be one act, at least part of which was done publicly. In any event, we feel the evidence amply supports the implied finding of the trial court that defendant’s acts defiled[1] the flag.
Appellant strongly contends that as applied to his actions, section 614, subdivision (d) is unconstitutional.
We face this contention bearing in mind a. very recent admonition of our California Supreme Court: “Such deliberate acts of the Legislature[2] come before us clothed with a presumption of constitutionality. ‘All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears . . .’ ” In re Dennis M. (1969) 70 Cal.2d 444, 453 [75 Cal.Rptr. 1, 450 P.2d 296].
If section 614, subdivision (d) is violated by the use of words solely, then it is overly broad and cannot be enforced. *Supp. 926 A conviction under a flag desecration statute based upon the use of words violates the defendant’s constitutional right of free speech. (Street v. New York (1969) 394 U.S. 576 [22 L.Ed.2d 572, 89 S.Ct. 1354] We do not believe that the code section applies to words but only to acts. The substance of all subsections of section 614 refers to acts. While the word ‘ ‘ defile ’ ’ might be interpreted as broad enough to cover words, it may as reasonably be limited to acts only by the general connotation of the statute. “If the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, tlie statute will be given that meaning, rather than another in conflict with the Constitution.” (County of Los Angeles v. Legg (1936) 5 Cal.2d 349, 353 [55 P.2d 206].) Where a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, the court will adopt the construction which will render it valid if such can be done without violence to the reasonable meaning of the language used. This is true although the other construction may be equally reasonable. (Miller v. Municipal Court (1943) 22 Cal.2d 818, 828 [142 P.2d 297]; City of Los Angeles v. Belridge Oil Co. (1954) 42 Cal.2d 823, 832 [271 P.2d 5].)
The California statute does not contain the provision " cast contempt upon either by words or act” found in the New York statute.[3]
 We construe the California law as applying to acts only and hence we are faced directly with the question which the majority of the United States Supreme Court refused to determine in Street v. New York, supra: do the states have power to protect the flag from acts of desecration and disgrace? We agree with the four justices (Chief Justice Warren, Black, Fortas and White) who in Street expressed themselves on this point. The states have this right.
We recognize that acts other than pure speech may be methods of expression of ideas which warrant the protection of the First Amendment. (In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535].) However, we, like Chief Justice Warren speaking for the court in United, States v. O’Brien (1968) 391 U.S. 367, 376 [20 L.Ed.2d 672, 679, 88 S.Ct. 1673] “cannot accept the view that an apparently limitless variety of conduct can be labeled ‘speech’ whenever the person engaging in the conduct intends thereby *Supp. 927 to express an idea.” Even if we concede that defendant’s acts were “symbolic speech” it does not follow that the same kind of freedom is afforded him by the First Amendment as is afforded to those who communicate ideas by pure speech. Where speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in controlling the nonspeech element can justify incidental limitations on First Amendment freedoms. (United States v. O’Brien, supra.) The constitutional guarantee of free speech covers the substance rather than the form of communication and the state may regulate the use of a particular form if it does so from a legitimate state interest.
That legitimate state interest in protection of the flag was early recognized in Halter v. Nebraska (1906) 205 U.S. 34 [51 L.Ed. 696, 27 S.Ct. 419]. As stated by Justice Harlan in that case, “it has often occurred that insults to a flag have been the cause of war, and indignities put upon it, in the presence of those who revere it, have often been resented and sometimes punished on the spot.” Halter v. Nebraska, 205 U.S. at p. 41 [51 L.Ed. at p. 701, 27 S.Ct. 419]. The state has a legitimate interest in preventing breaches of the peace. The fact that in this case no breach occurred is immaterial. Another time a disturbance may well have resulted from defendant’s actions. The state may legitimately control such activities in the interest of preventing violence and maintaining public order. (Chaplinsky v. New Hampshire (1942) 315 U.S. 568 [86 L.Ed. 1031, 62 S.Ct. 766].)
We have previously indicated this holding in People v. Hornfleld (1968) Cr.A. 7782 and the only other states which have faced this problem have come up with the same answer we have here expressed. (State v. Schlueter (1941) 127 N.J.L. 496 [23 A.2d 249]; Hinton v. State (1967) 223 Ga. 174 [154 S.E.2d 246, 249][4] and while the New York statute fell afoul to the “words” provisions (Street v. New York, supra), the Court of Appeals speaking through Chief Justice Fuld makes it abundantly clear that that court had no misgivings about the validity of a regulation of acts of desecration. (People v. Street (1967) 20 N.Y.2d 231 [229 N.E.2d 187].) Order granting probation affirmed.
Vasey, J., and Wong, J., concurred.

 Webster’s New International Dictionary, (2d ed.) defines “defile” as “to corrupt the purity or perfection of; to debase.”

We are here faced with not only the deliberate act of our own. Legislature but with similar acts adopted by the legislatures of the other 49 states and by the Congress of the United States. Every state and the United States Congress has passed flag desecration acts in one form or another. See Chief Justice Warren dissenting in Street v. New York (1969) 394 U.S. 576, 594 [22 L.Ed.2d 572, 586, 89 S.Ct. 1354], The thought of overturning such uniform legislative pronouncements except in case of a clear, compelling and unmistakable constitutional mandate should cause any court to pause. (See Halter v. Nebraska, 205 U.S. 34, 40 [51 L.Ed. 696, 700, 27 S.Ct. 419].)

N.Y. Penal Law section 1425, subdivision (16) (d) (1909) in force when Street was decided. Superseded by General Business Law section 136d.

Reversed on other grounds in' Anderson v. Georgia (1968) 390 U.S. 206 [19 L.Ed.2d 1039, 88 S.Ct. 902].