STATE OF CONNECTICUT *v.* PETER L. VAN CAMP

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-115030

Argued March 1—decided May 14, 1971

*Stephen R. Reitman*, of Bloomfield, for the appellant (defendant).

*Allen W. Smith*, assistant prosecuting attorney, for the appellee (state).

DiCenzo, J. The defendant was arrested on June 25, 1970, while wearing the flag of the United States on the buttock portion of his trousers and while walking along Asylum Street in the city of Hartford. Around the top and bottom border of the flag appeared the words "For God and Country." A jury convicted the defendant of the crime of misuse of the flag in violation of § 53-255 of the General Statutes.[1] He has appealed from the judgment rendered on the verdict and assigns as error the denial of his motion to quash; the trial court's failure to charge as requested concerning certain claimed constitutional issues; and its failure to charge that the patch on the trousers was not a flag of the United States and that on the facts as presented it was not possible to find the defendant guilty beyond a reasonable doubt.

The claim of error relating to the court's decision on the motion to quash the information was neither

---

[1] "Sec. 53-255. MISUSE OF THE FLAG. Any person who, in any manner for exhibition or display, puts or causes to be placed any inscription, picture, design, device, symbol, name, advertisement, word, character, mark or notice upon any flag, standard, color or ensign of the United States or the state flag of this state or any ensign evidently purporting to be either of such flags, standards, colors or ensigns or in any manner appends, annexes or affixes to any such flag, standard, color or ensign, any inscription, picture, design, device, symbol, name, advertisement, word, mark, notice or token or displays or exhibits or causes to be placed or exhibited any flag, standard, color or ensign of the United States or the flag of this state or any flag, standard, color or ensign evidently purporting to be either of such flags, standards, colors or ensigns, upon which in any manner is put, attached, annexed or affixed any inscription, picture, design, device, symbol, name, advertisement, word, mark, notice or token or publicly misuses, mutilates, tramples upon or otherwise defaces or defiles or puts indignity upon any of such flags, standards, colors or ensigns, whether any of such flags, standards, colors or ensigns are public or private property, shall be fined not more than one hundred dollars or imprisoned not more than six months or both, for each offense. Flags, standards, colors or ensigns, the property of or used in the service of the United States or of this state, may have inscriptions, names of actions, words, marks or symbols which are placed thereon pursuant to law or authorized regulations."

included nor pursued in the defendant's brief, and this court considers this assignment abandoned. Practice Book § 1019; Maltbie, Conn. App. Proc. § 167 & Sup. (1968) § 31 cc, p. 190 (Katz, "Circuit Court Appellate Procedure").

As to the defendant's assignments of error relating to the court's failure to charge that the patch as described was not a flag of the United States and that on the facts as presented it was not possible to find the defendant guilty, the record does not disclose, nor does the defendant assert, that as to these matters there were any requests to charge filed or made to the trial court. Nor does the finding disclose that any exceptions to the charge were taken other than a specific exception to the court's failure to charge in accordance with the defendant's request to charge relating to constitutionality. Under these circumstances, we do not consider the assignments of error. Practice Book § 249.

The principal thrust of the defendant's appeal lies in his claim that the court refused his request to instruct the jury that § 53-255 is a misuse of the police power of the state; that the statute is vague; that the statute exceeds constitutional boundaries of regulation of safety, etc.; that the statute is an infringement on the right of free speech; that the statute attempts to coerce a belief from an individual; and that it is discriminatory. All of these claims attack the constitutionality of § 53-255.

Chapter 946 of the General Statutes is entitled "Offenses against Public Policy," and § 53-255 is the first section in this chapter. This, in and of itself, is a strong demonstration of the public policy of Connecticut concerning the flag of the United States and the flag of the state of Connecticut. The granting of the defendant's request to charge would have amounted to a declaration by the trial court that

§ 53-255 is unconstitutional. Our Supreme Court, in *State* v. *Muolo*, 119 Conn. 323, 325, stated: "It is incumbent upon any court, in the consideration of an attack upon the constitutionality of a legislative act, to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the act unless its invalidity is clear. . . . In the absence of constitutional or statutory prohibition, any court has power to pass on the constitutionality of a statute . . . but a proper regard for the great coordinate branch of our government, the legislative, and for the preservation of the respect of our citizens, who are apt to look askance upon a decision of a court . . . limited in its jurisdiction . . . holding invalid the considered legislative judgment, dictates that such a court should take such action only upon the clearest ground or where the rights of litigants make it imperative that it should do so."

The theory running through the decisions upholding flag misuse statutes is that the state has a legitimate interest in preserving the dignity of the flag and in preventing breaches of the peace. Here again, the strong language of § 53-255, together with its primary position in the public policy chapter of our General Statutes, proclaims Connecticut's interest in preserving the dignity of the flag. Although there are cases where the state's legitimate interest has not been considered strong enough to support the flag prohibition involved, such as *Stromberg* v. *California,* 283 U.S. 359, involving a red flag, and more recently *Street* v. *New York,* 394 U.S. 576, where the Supreme Court did not rule on the constitutionality of the statute, there appears to be a reluctance on the part of our highest court to rule squarely on the first amendment issue. In the most recent case of *Radich* v. *New York,* 401 U.S. 531, the Supreme Court of the United States affirmed a New

York state conviction for a violation of the New York misuse of flag statute. In that case, the New York Court of Appeals had ruled that displaying the American flag in a manner suggesting a sexual organ was illegal. 26 N.Y.2d 114. The United States Supreme Court, by a four to four decision, affirmed.

It is the opinion of this court that the misuse of the flag of the United States is a legitimate state interest of the legislature of Connecticut as expressed in its public policy and § 53-255, and that the statute is not vague, overbroad and discriminatory as claimed by the defendant. Nor does it infringe on first amendment rights.

There is no error.

In this opinion DEARINGTON and CASALE, Js., concurred.

