Thomas Lucan SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44668.

Court of Criminal Appeals of Texas.

April 5, 1972.

William J. Gillespie, Lubbock, for appellant.

Thomas J. Purdom, County Atty., and George L. Thompson, III, Asst. County Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of equipping a gaming house. The trial was before the court. The punishment was assessed at thirty days in jail, probated for ninety days.

The record shows that at about 5:00 p. m. on July 1, 1970, the appellant and Charles Harris were seen at the latter's residence in Lubbock. The two loaded what appeared to be a "blackjack table" into the trunk of a two-tone blue Chevrolet. The appellant drove off in a white and gold Chevrolet; Harris drove the blue one. Both cars entered into the parking lot of a motor company. Later both appellant and Harris left in the blue car with Harris driving. They stopped at a service station and a shopping center. They finally drove to a house outside the Lubbock city limits at the intersection of 90th and S Streets. The car backed up into what appeared to be the garage area of the house. Through binoculars, the officers saw them unload what appeared to be a blackjack table and carry it out of the observers' view toward the house. They

then saw the two men taking a large green cloth and a cardbox in the same direction.

Thereafter the surveillance was dropped and a warrant was obtained to search for playing cards, dice and other gambling paraphernalia and devices at the residence where the table and cloth had been unloaded.

Jim Singleton, Texas Ranger, and Edward Richards of the Texas Department of Public Safety, who observed the above events and obtained the search warrant, along with other Texas Rangers and members of the Lubbock County Sheriff's Department, went to the residence at about 11:55 p. m. the same day. They saw the appellant outside in the yard. When they stopped, he ran or walked briskly toward the house. The officers announced themselves as police with a search warrant and stopped appellant at the door. When someone inside opened the door the officers entered. They found two blackjack tables and a pool table covered with a piece of plyboard and a green cloth. Several people were standing around the latter table. One was rattling dice in his hand; another had poker chips in front of him; and another had a "dice stick" in front of him. Several persons were seated around one of the blackjack tables and one had a deck of cards in his hand.) Money and a check were found in one of the pockets on the pool table and a pair of dice was found in a pocket of one of the occupants. The two blackjack tables and a green felt cloth were among the many items offered into evidence by the State. Neither table was positively identified as the one seen in Harris' car but both were said to be the same kind of table as the one seen in the car. No other table fitting its description was found in or around the premises or garage.

The State initially challenges the appeal as moot contending appellant's period of probation expired before this Court had jurisdiction and he, therefore, has no standing to appeal. Article 42.13, Section 8(a), Vernon's Ann.C.C.P., provides in part:

"A probationer, at the time he is granted probation, may appeal his conviction (in misdemeanor cases) as in other cases. . . . ."

■ The State's contention, if upheld, would effectively deny the appellant of a right clearly intended by the Legislature. We hold, in order to effectuate that intent, that when a misdemeanor conviction is appealed the time of probation does not begin to run until the judgment of this Court is final and the mandate is issued by the clerk of this Court.

■ The appellant challenges the sufficiency of the evidence. We find the evidence sufficient for the trier of fact to determine beyond a reasonable doubt that the premises were in fact being used for gaming and that the appellant aided in equipping it for that purpose.

■ Appellant challenges Article 629, Vernon's Ann.P.C., as being overly broad and, therefore, unconstitutional on its face. The Article provides:

"If any person shall, in any manner aid in equipping or furnishing any gaming house, or place where people resort for the purpose of gaming, wagering or betting, he shall be imprisoned in jail not less than thirty (30) nor more than ninety (90) days."

According to the appellant, even persons "carpeting, hanging drapes, building a small bar, or generally remodeling a building which was to be used for the purpose of gambling would be guilty of a violation." No such case, however, is before us, and we find the vagueness and overbreadth doctrines are inapplicable in a case such as this where appellant's acts are within the prohibited zone. Deeds v. State, Tex.Cr. App., 474 S.W.2d 718. We see no reason to fashion a rule of constitutional law which is broader than the facts of the case require.

Appellant challenges the search warrant on two grounds, stating: (1) it did not set out the hour of issuance as required by Article 18.15, V.A.C.C.P., and (2) it did not contain a sufficient description of the premises to be searched in compliance with Article 18.13, V.A.C.C.P.

The 1965 revision of the Texas Code of Criminal Procedure in Article 18.15, supra, added to old Article 318, V.A.C.C.P. (1925), the requirements that the "magistrate issuing a search warrant . . . shall endorse on such warrant the date and hour of the issuance of the same."

The search warrant in the present case was dated July 1, 1970, but the hour of issuance was not endorsed on the warrant.

The apparent intent of the Legislature in adding the requirements of endorsing the date and hour of issuance was to make certain the warrant was executed within three whole days,. exclusive of the day of its issuance and the day of its execution, as required in the first sentence of Article 18.-15, supra. The warrant was issued at approximately 10:00 p. m. and was executed some two hours later around midnight.

In other situations where some requirement of the statute was not complied with, this Court has held the error not to be reversible absent the showing of some injury. See e. g., Acosta v. State, Tex.Cr. App., 403 S.W.2d 434, cert. denied 386 U.S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449 (1966), where the return was not made until the day of the trial; Daltwas v. State, Tex.Cr.App., 375 S.W.2d 732, where no return was made on the warrant; and Campbell v. State, Tex.Cr.App., 373 S.W.2d 749, where no sworn return was made on the warrant. In the present case the record shows the return of the warrant was July 3, 1970. This was well within the statutory time limit.

■ We hold that absent a showing of injury to the appellant an error in not endorsing the hour of issuance on the search warrant is not reversible error.

Appellant attacks the sufficiency of the description of the premises in the warrant because street signs were not available and the "red barn" was closer to two blocks rather than one hundred feet from the residence.

The search warrant described the premises as follows:

" . . . (A) white brick house with dark trim, with composition shingles on the roof and an unpainted six foot high fence around the rear, with the above mentioned house being located by going approximately one-half mile South of 82nd Street South of the South City Limits of Lubbock on Avenue P to 90th Street and then turn West to Avenue S where the above mentioned house is situated, facing North, on the lot located at the Southeast corner of this intersection, and is further identified as being approximately 100 feet East of a large red barn situated on the South side of 90th Street, in the County of Lubbock, State of Texas, occupied and controlled by Charles J. Harris and Ronnie Weeden."

■■ Such minor discrepancies, if they be discrepancies, in a search warrant otherwise sufficiently describing the general location of the premises and specifically describing the premises themselves (which is unchallenged by the appellant) will not vitiate a search warrant for insufficient description. All that is required is that there be sufficient definiteness to enable the officer to locate the property and distinguish it from other places in the community. Ex parte Flores, Tex.Cr.App., 452 S.W.2d 443; McCormick v. State, 169 Tex.Cr.R. 53, 331 S.W.2d 307.

Appellant's final ground of error attacks the admissibility of certain pictures as irrelevant and immaterial and tending to bolster the witnesses of the State. All the photographs admitted into evidence were individual photographs of those present in the residence when the raid was made. One photograph, apparently depicting a

group of participants around a gaming table, was not admitted by the court.

 We perceive no error. See Martin v. State, Tex.Cr.App., 475 S.W.2d 265. If it could be said that this was error, no injury would be shown. The trial was before the court. Where evidence is improperly admitted before the trial judge, as trier of the facts, it is presumed that he would disregard it. Hutchins v. State, Tex. Cr.App., 426 S.W.2d 235.

No reversible error is shown. The order of the trial court is affirmed.