**Daniel Ray DELORME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45250.**

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

George F. Luquette, Robert M. Moore, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the public desecration of the flag of the United States. The jury assessed a punishment of two years imprisonment and the appellant was placed on probation as required by the jury's mandatory recommendation.

The State urges that this court does not have jurisdiction to hear and decide this appeal. After notice of appeal was given, the State moved to revoke probation and a capias was issued for the appellant's arrest. An affidavit in the record shows the capias was not served and executed because the appellant could not be found. The State therefore contends that the appellant has "escaped" and under the provisions of

Article 44.09, Vernon's Ann.C.C.P.,[1] this court's jurisdiction of the appeal has terminated. We do not agree.

■ The facts relied upon by the State do not show the appellant has made an "escape from custody" within the meaning of Article 44.09, V.A.C.C.P. Further, the appellant is entitled to an appeal from a judgment granting probation. Articles 42.-12, § 8 and 42.04 V.A.C.C.P. Where an appeal is taken, the terms of probation do not commence until the mandate of this court is issued.[2] Since probation could not be revoked pending appeal, the capias for the appellant's arrest should not have been issued. This court has jurisdiction of this appeal.

The indictment charges that the appellant "did publicly defile and defy by act the flag of the United States, to-wit, having it affixed to the seat of his pants and wearing the same in public," in violation of Article 152, Vernon's Ann.P.C., which provides:

"Any person who shall within this State, publicly or privately, mutilate, deface, defile, defy, tramp upon, or cast contempt upon, either by word or act any flag, standard, color, or ensign of the United States, or that of any of its officers, or on any imitation of either of them, shall be confined in the penitentiary not less than two nor more than twenty-five years."

A security officer at the Sharpstown shopping center in Houston testified that when he observed the appellant at the center during business hours, "He had on a long, white, see through—it looked like a granny gown. And he had a pair of ragged levis, bare feet, with an American flag sewed between the pockets of the seat of his britches." The officer testified that while fifteen feet from the appellant, he could "clearly see" the flag on the trousers through the granny gown.

The appellant urges this court to declare that Article 152, V.A.P.C., is so vague and overbroad on its face that the entire statute must fall because it violates the First and Fourteenth Amendments to the Constitution of the United States. He also argues in the alternative that Article 152, V.A.P.C., as applied to him in the circumstances of this case, is a violation of his rights protected by the same constitutional provisions.

This court has recently refused to hold that Article 152, V.A.P.C., is so vague and overbroad on its face as to render it in violation of the First and Fourteenth Amendments to the Constitution of the United States. Deeds v. State, 474 S.W.2d 718 (Tex.Cr.App.1971). That holding in Deeds v. State, supra, is controlling and what was said in that opinion applies here and need not be repeated, but we will further elaborate.

In determining whether statutory provisions are repugnant to the First and Fourteenth Amendments to the Constitution of the United States, both the "as applied" and "overbroad" doctrines have been relied upon.

1. Article 44.09, V.A.C.C.P., provides: "If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape."

2. Article 42.13, § 8, V.A.C.C.P., a similar provision applying to misdemeanor probation, has been so construed. See Smith v. State, 478 S.W.2d 518 (Tex.Cr.App. 1972).

■ The facial review of statutes under the overbreadth doctrine requires a wholesale invalidation of legislative handiwork as well as consideration of many abstract questions apart from the record on the case to be decided. Because it does require the invalidation of an entire statute it should be limited to statutes where experience and common knowledge make obvious that numerous impermissible applications of the statute will be made. This court has recently used this approach to invalidate the vagrancy statute in Baker v. State, 478 S.W.2d 445 (Tex.Cr.App.1972), but refused to do so in considering Article 152, V.A.P.C., in Deeds v. State, supra.

■ The "as applied" doctrine does not require invalidation of an entire statute and it is more appropriate to a statute that is severable and one which to only a limited degree is restrictive of nonverbal expression.

■■ It is the duty of the court, if it can be done, to construe a statute so that it will remain valid. Where a statute contains words or provisions which are valid and others which are not, effect should be given to the valid words and provisions by separating them from the invalid ones. Ohio Oil Company v. Giles, 149 Tex. 532, 235 S.W.2d 630 (1950); Zwernemann v. Von Rosenburg, 76 Tex. 522, 13 S.W. 485 (1890); and Ex parte Towles, 48 Tex. 413. If the unconstitutional or void portion of any statute be stricken out and that which remains is complete in itself and capable of being executed in accord with the apparent legislative intent, wholly independent of that portion which is rejected, the statute must be sustained. Salas v. State 365 S.W.2d 174 (Tex.Cr.App.1963). This is true, even though the statutory enactment contains no severability clause. Salas v. State, supra, and Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106 (1954).

■ Article 152, V.A.P.C., insofar as it prohibits acts done in "private" and communication by "words" is undoubtedly in violation of the First Amendment to the Constitution of the United States. Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969).

In the case at bar, we are not confronted with allegations or proof of acts done in "private" or communication by "words." These obviously unconstitutional parts of Article 152, V.A.P.C., are easily severed from the remainder of the statute.

By enforcing the statute as if acts done in "private" and communication by "words" had been omitted, it is a valid statute. We so interpret Article 152, V.A.P.C. The statute will be enforced as if it read:

"Any person who shall within this State publicly ~~or privately~~ mutilate, deface, defile, defy, tramp upon or cast contempt upon, ~~either~~ by ~~word or~~ act, any flag, standard, color or ensign of the United States, or that of any of its officers or on any imitation of either of them shall be confined in the penitentiary not less than two nor more than twenty-five years." [3]

When the statute is interpreted in this way, it is neither vague nor overbroad, its wording is sufficiently definite for a person of ordinary intelligence to determine the conduct therein proscribed.[4] It is simi-

---

3. We note that the severity of the penalty in Article 152, V.A.P.C., is far greater than in comparable statutes in other jurisdictions; however, this is a matter of consideration solely for the Legislature, not this court.

4. The test for determining whether a statute is unconstitutional on its face because it is so vague and indefinite that it gives no warning of what acts or conduct transgresses the statute and therefore are violative of due process is whether a person of ordinary intelligence, who would be law-abiding, can determine with reasonable precision what conduct it is his duty to avoid. Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946); Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7

lar to that of the Federal Flag Desecration Statute[5] which has withstood the vague and overbroad attack made upon it. Joyce v. United States, 147 U.S.App.D.C. 128, 454 F.2d 971 (1971).

Statutes similar to Article 152, V.A.P.C., as we interpret it, have withstood similar constitutional attacks. See People v. Radich, 26 N.Y.2d 114, 308 N.Y.S.2d 846, 257 N.E.2d 30 (1970), affirmed, Radich v. New York, 401 U.S. 531, 91 S.Ct. 1217, 28 L.Ed.2d 287 (1971); People v. Cowgill, 274 Cal.App.2d Supp. 923, 78 Cal.Rptr. 853 (1969), appeal dismissed, Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L. Ed.2d 590 (1970); and State v. Waterman, 190 N.W.2d 809 (Iowa, 1971).

The holding in this case is consistent with the results reached by the courts of three states, where convictions have been upheld under facts almost identical to those presented here and where the prosecution was under an identical or similarly worded statute.

In Commonwealth v. Goguen, 279 N.E.2d 666 (1972), the Supreme Judicial Court of Massachusetts upheld the conviction of the defendant, who was publicly treating contemptuously the flag of the United States, after he wore an American flag sewn to his blue-jeans in the vicinity of his buttocks. That court rejected his claim that

the statute[6] was on its face or as applied to him a restraint upon the right of freedom of speech guaranteed by the First Amendment and that it was vague and overbroad.[7]

In State v. Van Camp, 6 Conn.Cir. 609, 281 A.2d 584 (1971), the Circuit Court of Connecticut, Appellate Division, upheld the conviction of the defendant for the crime of misuse of the flag in violation of Section 53–255 of the General Statutes[8] where the defendant was arrested while walking along a city street, wearing the flag of the United States on the buttocks portion of his trousers. The Supreme Court of Connecticut refused certification for appeal. State v. Van Camp, 280 A.2d 536 (1971).[9]

In State v. Kasnett, 30 Ohio App.2d 77, 283 N.E.2d 636 (1972), an Ohio Court of Appeals affirmed where it was charged the defendant "unlawfully [and publicly] defile[d], deface[d] and cast contempt upon the Flag of the United States [for] having said Flag sewn on the seat of his pants", where the prosecution was under a statute providing that "no person shall * * * publicly mutilate, burn, destroy, defile, deface, trample upon, or otherwise cast contempt upon such flag." In so doing, the court said:

"On the vagueness question, we believe the statute admitted of that degree

L.Ed.2d 285 (1961); and Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939).

**5.** 18 U.S.C. § 700 reads as follows: "(a) Whoever knowingly casts contempt upon any flag of the United States by publicly mutilating, defacing, defiling, burning, or trampling upon it shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

**6.** The pertinent part of that statute, M.G. L.A. c. 264, § 5 reads: "whoever publicly mutilates, tramples upon, defaces or treats contemptuously the flag of the United States . . . shall be punished . . . ."

**7.** A federal district judge differing with the Supreme Judicial Court of Massachusetts, granted Goguen relief in a habeas corpus proceeding, holding the statute to be invalid. Goguen v. Smith, 343 F.Supp. 161 (D.C.Mass.1972).

**8.** The pertinent part of this statute reads: ". . . or publicly misuses, mutilates, tramples upon or otherwise defaces or defiles or puts indignity upon any of such flags . . . ."

**9.** In Thoms v. Smith, 334 F.Supp. 1203 (D.C.Conn.1971), a three-judge court, in a class action, found Section 53–255 of the General Statutes of Connecticut to be in violation of the provisions of the United States Constitution with one judge concurring and one judge dissenting

of reasonable certainty that could constitute a violation, so that it can not be said that a person possessing a reasonable degree of intelligence could not understand what conduct would be disrespectful to the flag and what conduct would not. We are of the opinion that wearing the flag, or part of it, on that part of the clothing covering the human fundament, a part of the human body universally and historically considered unclean, and the object of derision and scorn and the reference to which in a certain tenor is often the source of fighting words, was a clear act of defilement in that the flag was thus dishonored; that the idea of dishonorment was one of the keys to the question of whether the flag was defiled. We must conclude that the use of the word 'defile' in the subject statute was intended to include public conduct which brings shame or disgrace upon the flag by its use for an unpatriotic or profane purpose. It is our opinion that the wearing of a flag on the seat of one's pants, under the circumstances of this case, is a physical act which defiles the flag in violation of R. C. 2921.05. Such a use of the flag would degrade and cheapen it in the eyes of the people, as well as defeat the object of maintaining it as an emblem of national power and honor. Halter v. Nebraska (1907), 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696. Similarly People v. Cowgill (1969), 274 Cal.App.2d Supp., 923, 78 Cal.Rptr. 853, appeal dismissed, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590."

■ The act of wearing in public the United States flag or a representation thereof on the seat of trousers is equally as contemptuous and defiles the flag as much as the act of burning the flag, which was held to be a violation of this statute in Deeds v. State, 474 S.W.2d 718 (Tex.Cr. App.1971). We find the evidence sufficient to support the conviction.

As has already been indicated, there are diverse holdings in a number of jurisdictions in cases construing similar statutes and facts to those in the case at hand; however, the position of this court in Deeds v. State, supra, and in this case, appears to be in accord with and not contrary to the decisions of the United States Supreme Court,[10] the only court whose decisions are binding on this court.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

Although I concur in the results the majority reaches today, I must vigorously disagree with the precise manner in which the statute is upheld. I believe that the court is in error in severing from the statute the term "word" and summarily holding that portion of the law unconstitutional. I remain convinced that there are conceivable circumstances where a person could be validly prosecuted for publicly casting contempt, or defiling a ·flag, by use of words coupled with acts, when the acts separated from the words would not be sufficient.

---

10. Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); Radich v. New York, 401 U.S. 531, 91 S.Ct. 1217, 28 L.Ed.2d 287 (1971); Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970).