James HUMPHRIES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–07–00857–CR.

Court of Appeals of Texas,
San Antonio.

April 9, 2008.

Raymond Edward Taylor, San Antonio, TX, for Appellant.

Susan D. Reed, Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice CATHERINE STONE, Justice STEVEN C. HILBIG, Justice.

### INTERLOCUTORY OPINION ON APPELLANT'S MOTION FOR EMERGENCY RELIEF

Opinion by STEVEN C. HILBIG, Justice.

James Humphries has filed a motion for emergency relief pending appeal, seeking an order staying the commencement of the terms of his community supervision until the judgment is final. For the reasons discussed below, we grant the motion.

### BACKGROUND

Humphries was indicted for two counts of indecency with a child by contact and one count of indecency with a child by exposure and was released on bond in the amount of $50,000. A jury found Humphries not guilty on the indecency by contact counts, but found him guilty of indecency with a child by exposure. On November 19, 2007, the jury returned its

verdict assessing punishment at three years confinement and recommending the term of confinement be suspended and that Humphries be placed on community supervision. In accordance with the verdict, the trial court suspended the sentence of confinement and placed Humphries on community supervision for a period of three years.

Humphries filed a notice of appeal on December 4, 2007. The next day, the trial court held a hearing to set the terms of community supervision. Those terms include a requirement that Humphries move from his home no later than October 5, 2008, because the property is within 1000 feet of a school. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 13B(a)(1)(B) (Vernon Supp.2007). At the conclusion of the hearing, the court, over Humphries' objection, ordered that all the terms of community supervision were to commence immediately.

On February 15, 2008, Humphries filed in this court a motion for emergency relief pending appeal, requesting an order staying the commencement of the terms of his community supervision until the appellate mandate issues.[2] On request of the court, the State has filed a response to the motion.

### Discussion

■ The trial court's order is contrary to longstanding Texas caselaw holding that when an appeal is taken from a criminal judgment assessing a probated sentence, the terms of community supervision do not commence until the judgment is final and the appellate mandate has issued. *See Ross v. State*, 523 S.W.2d 402, 405 (Tex. Crim.App.1975); *Delorme v. State*, 488

S.W.2d 808, 810 (Tex.Crim.App.1973); *Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim.App.1972); *McConnell v. State*, 34 S.W.3d 27, 30 (Tex.App.-Tyler 2000, no pet.); *Cuellar v. State*, 985 S.W.2d 656, 658 (Tex.App.-Houston [1st Dist.] 1999, no pet). The State argues we should not follow these decisions because "[n]one of the recent cases explain the underlying reasoning of why the terms of probation are suspended during the appeal" and "the early Court of Criminal Appeals cases do not elaborate on the underlying reasons for the general proposition." The State also suggests any rationale no longer applies because the "statutory scheme for probation and appeals [ ] has been substantially changed over the years." We disagree.

■ In the earliest case, *Smith v. State*, the defendant appealed the judgment convicting him of a misdemeanor and placing him on probation. 523 S.W.2d at 519. The State later argued the appeal was moot because the probationary period had expired. *Id.* at 520. The Court of Criminal Appeals, noting that the Texas Legislature had statutorily granted a right to appeal a misdemeanor conviction at the time the defendant is placed on probation, held the State's argument would "effectively deny the appellant of a right clearly intended by the Legislature." *Id.* (citing former section 8(a) of article 42.13, Texas Code of Criminal Procedure). In order to effectuate that intent, the court held "that when a misdemeanor conviction is appealed the time of probation does not begin to run until the judgment of this Court is final and the mandate is issued by the clerk of this Court." *Id.* The following year, the Court of Criminal Appeals held

---

**2.** Humphries has registered as a sex offender and does not seek a stay of that requirement. *See* Tex.Code Crim. Proc. Ann. art. 62.002(b) (Vernon 2006) (stating that duties imposed on one required to register under Chapter 62 on basis of a reportable conviction are not affected by appeal of the conviction).

the same rule applies in felony cases. *Delorme*, 488 S.W.2d at 810 (holding "[w]here an appeal is taken, the terms of probation do not commence until the mandate of this court is issued" and citing former section 8 of article 42.12, Texas Code of Criminal Procedure). Although there have been substantial changes in the law regarding probation since 1973, the law underlying the holdings of *Smith* and *Delorme* remains the same. A defendant convicted of a misdemeanor or a felony who is granted community supervision has the right to appeal at the time he is placed on community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2007). Accordingly, we decline the State's invitation to disregard established precedent from the Court of Criminal Appeals.

The State next argues that in order to ensure "the safety of the public," Humphries is required to seek an appeal bond pursuant to article 44.04(c) of the Texas Code of Criminal Procedure if he wishes to stay commencement of the terms of probation. We again disagree. Humphries remains at liberty under his appearance bond and the sureties remain obligated on that bond until the term of his probation commences. *See Surety Corp. of America v. State*, 550 S.W.2d 689, 690–91 (Tex. Crim.App.1977); *Reed v. State*, 702 S.W.2d 738, 741 (Tex.App.-San Antonio 1985, no pet.); *Rodriguez v. State*, 680 S.W.2d 585, 587 (Tex.App.-Corpus Christi 1984, no pet.). As discussed above, the terms of Humphries' probation do not commence until the judgment is final and the mandate issues. *See Delorme*, 488 S.W.2d at 810. Because the trial court retains authority over the conditions and amount of the bail, the safety of the public is adequately protected. *See* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005); *id.* art. 44.04(c), (d) (Vernon 2006).

■ Finally, we disagree with the State's contention that this court lacks authority to grant the requested relief. Humphries invoked this court's jurisdiction by timely filing a notice of appeal. We unquestionably have the power and authority to issue such orders as necessary to enable Humphries to meaningfully pursue that appeal. *See* TEX.R.APP. P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require."); *see also Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim.App.1983) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute.... Upon the appellate record being received and filed jurisdiction of the appellate court attaches to the exclusion of that of the trial court (except for matters of bail)").

### CONCLUSION

For the reasons discussed above, we hold the trial court erred by ordering that the terms of Humphries' community supervision commenced immediately, notwithstanding Humphries' timely appeal. Accordingly, we grant the motion for emergency relief and order that, except as provided by article 62.002(b) of the Texas Code of Criminal Procedure, the commencement of the terms and conditions of Humphries' community supervision is stayed until the appellate mandate issues.