In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00602-CV
_____


IN RE COMMITMENT OF JAMES A. RUBIO


On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-04-04400 CV


**ORDER**

The State has filed a motion asking us to dismiss James A. Rubio's appeal because he failed to comply with the trial court's commitment order while the matter was pending before us. *See* Tex. R. App. P. 42.3(c). Rubio appealed from a judgment that resulted from a jury trial; the jury found Rubio to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). On the same date the trial court signed a judgment, it also signed a commitment order, indicating that the order was necessary "to protect the community."

1

The State's motion to dismiss asserts that Rubio violated three of the provisions that are found in the commitment order. According to an affidavit accompanying the State's motion, Rubio violated the commitment order in several ways, which include his departure from an authorized housing facility without having permission, his failure to return to the authorized housing facility, and his removal of a device that allowed the State to monitor his movements.

Rubio, who is represented on appeal by the State Counsel for Offenders, filed a reply, opposing the State's motion to dismiss. In the reply, Rubio's counsel does not assert that Rubio has returned to the residence where the commitment order required that he reside. Instead, Rubio argues that Rule 42.3(c) of the Texas Rules of Appellate Procedure does not authorize an appeals court to dismiss his appeal. According to Rubio, Rule 42.3(c) generally applies when a person fails to prosecute his appeal or to perform some act the appellate court requires that relate to the appeal. Rubio concludes that Rule 42.3(c) does not apply to a violation of an order that was issued by a trial court. *See, e.g., Alonzo v. Fed. Ins. Co.*, 310 S.W.3d 574 (Tex. App.—Dallas 2010, no pet.).

Nevertheless, Rubio has conceded in his reply that the trial court's commitment order was not stayed while his order was being appealed. *See* Tex. Health & Safety Code Ann. § 841.081(a). Additionally, Rubio compares an SVP commitment order to an order of community supervision in a criminal case and argues that dismissing his appeal for

violating the order before resolving the merits of his appeal would deprive him of his right to appeal. *See Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim. App. 1972).

Essentially, the State's evidence shows that Rubio has committed a material violation of the trial court's commitment order by leaving the residence where he is required to reside and not returning. The State's claim in that regard, on the record before us, is unchallenged.

Our authority to grant the State's motion to dismiss, in our opinion, is resolved by the language employed by Rule 42.3(c) of the Texas Rules of Appellate Procedure. That rule allows, but does not require, an appellate court to dismiss an appeal "because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action[.]" Tex. R. App. P. 42.3(c).

Rule 42.3(c) has been relied on by appeals courts to dismiss appeals in civil cases when appellants have failed to comply with trial court orders. For example, in *Velasco v. Ellis,* No. 01-10-00073-CV, 2011 WL 2118865 (Tex. App.—Houston [1st Dist.] May 26, 2011) (order on motion to dismiss), the First Court of Appeals dismissed the appeal in a divorce and custody case after the mother absconded with the couple's child shortly before the trial court signed a judgment naming the father as the child's sole managing conservator. *Id.* at *1. The father moved to dismiss the mother's appeal, arguing that the appellate court should not allow the mother to seek relief from a final judgment concerning child custody while violating the judgment. *Id.* at *4. In the appeal, the

3

mother argued that the trial court's order was void and that dismissing her appeal would violate her right to appeal. *Id.* at *6. The First Court of Appeals held that the mother's post-judgment conduct, which violated the trial court's order, justified the dismissal of her appeal. *Id.* at **6-7. Additionally, the First Court of Appeals expressly rejected the mother's argument that Rule 42.3(c) applied only to orders issued by an appeals court, noting in its opinion that several other courts of appeal had dismissed appeals where a party to the appeal violated orders rendered by trial courts. *Id.* at **4-7 (see cases cited therein).

As a remedy, the First Court of Appeals ordered the mother to deliver the couple's child to the father within ten days and if she failed to do so, warned that her appeal would be dismissed. *Id.* at *8. When the mother failed to return the child, the First Court of Appeals dismissed her appeal. *See Velasco v. Ellis*, No. 01-10-00073-CV, 2011 WL 2732778 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) (mem. op.).

This situation is similar to *Velasco* in several respects. Both cases are civil appeals that implicate important liberty interests. Both concern violations of court orders that might lead to criminal prosecutions. Both concern a party's intentional refusal to comply with an order the trial court rendered and which was designed to control the case pending the outcome of the appeal.

We conclude that the State has shown that it is entitled to a conditional remedy. We hold that James A. Rubio's appeal will be dismissed unless he complies with the trial

4

court's order within ten days of this order by returning to the Travis County Residential Center or by surrendering himself to an officer with the power to execute the warrant for his arrest, dated October 1, 2012. If Rubio satisfactorily demonstrates that he has complied with the trial court's order within the period we have specified, the State or the attorneys for the parties shall immediately notify us that he has complied with the trial court's order and this order. In the event the parties do not provide notice that Rubio has complied, Rubio's appeal will be dismissed, with prejudice.

ORDER ENTERED December 6, 2012.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.