# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00757-CR

**Verna Cooper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-11-904045, THE HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Verna Cooper of the third-degree felony offense of attack by dog for her pit bull's attack on an 11-year-old girl who was riding her bike in the neighborhood.[1] *See* Tex. Health & Safety Code § 822.005(a)(2), (b). The trial court assessed appellant's punishment at confinement for two years in the Texas Department of Criminal Justice but suspended imposition

---

[1] Two years earlier, the pit bull had been designated a "dangerous dog" based on a similar attack on a woman as she jogged through the neighborhood. *See* Tex. Health & Safety Code §§ 822.041(2)(A) (defining "dangerous dog" as "a dog that makes an unprovoked attack on a person that causes bodily injury and occurs in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its own"), 822.0421 (establishing procedure for determination by animal control authority that dog is dangerous based on dog's unprovoked attack). On the instant occasion, the dog aggressively bit the girl's calf, causing severe injuries that required immediate surgery at the children's hospital. *See id.* § 822.001 (defining "serious bodily injury" in this context as "injury characterized by severe bite wounds or severe ripping and tearing of muscle that would cause a reasonably prudent person to seek treatment from a medical professional and would require hospitalization without regard to whether the person actually sought medical treatment").

of the sentence and placed appellant on community supervision for three years. *See* Tex. Penal Code § 12.34; Tex. Code Crim. Proc. art. 42.12, § 3. Subsequent to filing a notice of appeal, appellant filed a *Motion to Perform Sentence in Accordance with the Judgment of the Court*, which the trial court denied. In a single point of error on appeal, appellant challenges the trial court's denial of that motion.

In her motion, appellant sought to have the trial court order the Travis County Community Supervision Department to begin supervising her community supervision in spite of the fact that she was appealing the trial court's judgment of conviction imposing the supervision. On appeal, appellant asserts that the trial court's denial of her motion and suspension of her judgment during the pendency of this appeal constitutes "an unconstitutional impediment to Appellant's right to appellate review." She further maintains that the "illegal postponement of [her] sentence" has the effect of extending her term of community supervision "without any lawful authority."

Initially we observe, as the State notes, that appellant has failed to properly preserve this complaint for appellant review. Preservation of error is a systemic requirement on appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Boston v. State*, 373 S.W.3d 832, 841 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear*, 385 S.W.3d at 590; *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010); *Boston*, 373 S.W.3d at 841. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App.

2

P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A general or imprecise request suffices to preserve error only if the legal basis for the request is obvious to the court and to opposing counsel. *See Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). The point of error raised on appeal must comport with the request made at trial. *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *Clark*, 365 S.W.3d at 339. Failure to properly object or make a request at trial may waive even constitutional errors. *See Yazdchi*, 428 S.W.3d at 844; *Clark*, 365 S.W.3d at 339.

In this case, although appellant averred that she had not posted an appeal bond, she failed to articulate any specific legal basis for her request in the motion. She did not articulate to the trial court that the postponement of her community supervision, notwithstanding her appeal of the judgment of conviction imposing such supervision, unconstitutionally impeded her right to appellate review or unlawfully extended her community supervision period. She makes those arguments for the first time on appeal. Thus, appellant failed to properly preserve this complaint for appellate review.

Nevertheless, even had this issue been properly preserved for appellate review, this Court cannot grant appellant the relief she seeks. This is an appeal of the trial court's judgment of conviction. However, appellant acknowledges that there are no meritorious grounds upon which to attack that judgment. She does not argue that any reversible error exists, and does not ask for reversal of the judgment, a new trial on guilt-innocence, a new trial on punishment, or any modification of the judgment. Rather, she asks this Court to exercise its "general jurisdictional authority to correct trial court error" and reverse the trial court's ruling and "render judgment that

3

the sentence of three years community supervision commenced on [the date] when the trial court pronounced sentence." This Court's appellate authority does not allow us to render the type of judgment appellant seeks. In this appeal, we have the authority to:

(a)     affirm the trial court's judgment in whole or in part;

(b)     modify the trial court's judgment and affirm it as modified;

(c)     reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

(d)     reverse the trial court's judgment and remand the case for further proceedings;

(e)     vacate the trial court's judgment and dismiss the case; or

(f)     dismiss the appeal.

*See* Tex. R. App. P. 43.2. Appellant does not seek the type of judgment described above, but rather a separate type of judgment essentially ordering the trial court to execute its sentence. We do not have the authority to render such a judgment in the instant appeal.

Moreover, even if we had the expansive error-correcting authority to issue such a judgment here and were persuaded by appellant's arguments,[2] we still could not grant appellant the relief she seeks. The Texas Court of Criminal Appeals has explicitly recognized that "if a defendant files a timely and effective notice of appeal, that filing stays the commencement of the

---

[2] We note that appellant's position is contrary to longstanding Texas case law holding that when an appeal is taken from a criminal judgment assessing a probated sentence, the term of community supervision does not commence until the appellate mandate affirming the judgment of conviction has issued. *See Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014); *Ross v. State*, 523 S.W.2d 402, 405 (Tex. Crim. App. 1975); *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973); *Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim. App. 1972).

community-supervision term imposed until appellate mandate has issued affirming the judgment of conviction." *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014) (citing *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973)).  As an intermediate appellate court, we are obliged to follow the binding precedent of the Court of Criminal Appeals.  *See State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) ("As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals."), *aff'd sub nom. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007); *Gonzales v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("[A]s an intermediate appellate court, we must follow the binding precedent of the Court of Criminal Appeals."); *State v. Stevenson*, 993 S.W.2d 857, 867 (Tex. App.—Fort Worth 1999, no pet.) ("Because a decision of the court of criminal appeals is binding precedent, we are compelled to comply with its dictates."); *see also* Tex. Const. art. V, § 5(a) (providing that Texas Court of Criminal Appeals is final authority for interpreting criminal law in Texas).

Consequently, even if this issue had been properly preserved for appellate review and even if we had the authority to render the type of judgment appellant seeks, we would conclude, based on binding precedent, that the trial court did not err in denying appellant's request to order the immediate commencement of appellant's community supervision term notwithstanding her timely appeal.  *See Humphries v. State*, 261 S.W.3d 144, 146 (Tex. App.—San Antonio 2008, no pet.) (holding that trial court erred by ordering that terms of defendant's community supervision commenced immediately, notwithstanding defendant's timely appeal).  We overrule appellant's sole point of error and affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   November 25, 2014

Do Not Publish

6