

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00596-CV

_____

IN RE CEDRIC LEWIS AARON, Relator

---

Original Proceeding
Criminal District Court No. 4 of Tarrant County, Texas
Trial Court No. 1826487

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Relator Cedric Lewis Aaron filed a petition for writ of mandamus or, in the alternative, a petition for writ of habeas corpus and a motion for emergency temporary relief following his arrest for allegedly violating conditions of his community supervision. Because we do not have habeas jurisdiction in criminal matters, to the extent Aaron seeks habeas relief, we dismiss his petition and his motion for emergency temporary relief. But to the extent that Aaron seeks mandamus relief to order the trial court to vacate the warrants authorizing his arrest, we conditionally grant his writ of mandamus.

## I. BACKGROUND

A jury found Aaron guilty of two offenses, assessed punishments for those offenses, and recommended that the trial court place Aaron on community supervision. Aaron filed a notice of appeal on the same day. In accordance with the jury's verdict and recommendation, the trial court signed judgments for both offenses and placed Aaron on community supervision. Within a matter of days, however, the State filed a petition to revoke Aaron's community supervision; the trial court issued warrants for Aaron's arrest based on the State's petition; and Aaron was arrested. Aaron remains incarcerated pending the hearing on the State's petition.

In this original proceeding, Aaron argues that when a defendant appeals a probated sentence, the probation is effectively stayed, and the trial court is without

jurisdiction to enforce it.[1] *Simon v. State*, 442 S.W.3d 581, 583–85 (Tex. App.—San Antonio 2014, no pet.). In its response, citing *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014), the State concedes this point: "The relator is correct that his community supervision conditions cannot be enforced until his appeal is finally disposed."[2] The State nevertheless opposes granting Aaron any relief.

## II. DISCUSSION

We have no jurisdiction to grant habeas relief in criminal matters. *See* Tex. Gov't Code Ann. § 22.221(d). Aaron complains about the illegal restraint on his liberty, which is what habeas proceedings are designed to address. *See Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). Because this is a criminal matter, we lack the jurisdiction to grant Aaron any habeas relief. Jurisdiction for criminal writs of habeas corpus lies elsewhere. *See* Tex. Code Crim. Proc. Ann. art. 11.05 ("The court of criminal appeals, the district courts, the county courts, or any judge of those courts may issue the writ of habeas corpus, and it is their duty, on proper application, to issue the writ under the rules prescribed by law.").

We do, however, have jurisdiction to grant mandamus relief in some criminal matters—compelling a trial court to rule, for example. *See Padieu v. Ct. of Appeals of*

---

[1]"Community supervision" and "probation" are synonymous and can be used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.).

[2]Aaron's appeal remains pending before us. *Aaron v. State*, No., 02-25-00365-CR (Tex. App.—Fort Worth filed Oct. 6, 2025).

3

*Tex., Fifth Dist.*, 392 S.W.3d 115, 116–18 (Tex. Crim. App. 2013) (orig. proceeding). But we do not have jurisdiction to grant mandamus relief in all criminal matters. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings."). In *Ater*, the court of appeals conditionally granted a writ of mandamus and directed the trial court to set aside the judgment of conviction and the order revoking probation and, further, "to order the Relator released to the custody of the Sheriff of Ector County to answer the information in that cause." *See Beyna v. Ater*, 793 S.W.2d 313, 314 (Tex. App.—El Paso 1990, orig. proceeding), *mand. granted sub nom. Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (orig. proceeding). The Texas Court of Criminal Appeals saw the appellate court as improperly using a mandamus proceeding to grant habeas relief. *Ater*, 802 S.W.2d at 243. Accordingly, we hold that we lack the jurisdiction to order his release in a mandamus proceeding. *See* Tex. Gov't Code Ann. § 22.221(d); *Ater*, 802 S.W.2d at 243.

Yet Aaron also asks us to order the trial court to vacate the arrest warrants that it based on the State's motion to revoke his community supervision. That we can do. Mandamus lies "to correct judicial action *that is clearly contrary to well-settled law*." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding). "[Mandamus is available] to correct judicial action that ignores clear, binding

4

precedent from a court of superior jurisdiction. Trial judges do not enjoy the freedom to ignore the law." *Id.*; *Kozacki v. Knize*, 883 S.W.2d 760, 762 (Tex. App.—Waco 1994, orig. proceeding) (per curiam). Parties are not obliged to submit to arbitrary judges who refuse to behave as judges. *McMeans*, 884 S.W.2d at 774.

Here, the law is settled—and has been for quite some time—that pending an appeal, an appellant's community supervision is stayed. *See Lundgren*, 434 S.W.3d at 598 ("[I]f a defendant files a timely and effective notice of appeal, that filing stays the commencement of the community-supervision term imposed until appellate mandate has issued affirming the judgment of conviction."); *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim App. 1973). Despite that, pending Aaron's appeal, the State filed a petition to revoke Aaron's community supervision, and the trial court signed warrants authorizing Aaron's arrest based on the State's petition. "Where an appeal is taken, the terms of probation do not commence until the mandate . . . is issued. Since probation could not be revoked pending appeal, the capias for the appellant's arrest should not have been issued."[3] *Id.* at 810 (footnote omitted). By ordering Aaron's arrest, the trial court violated the stay.

_____

[3]*Delorme* was an appeal of the conviction and probated sentence. *See id.* at 809. The State argued that the Texas Court of Criminal Appeals did not have jurisdiction because the State had moved to revoke the appellant's probation, because the trial court had issued a capias for the appellant's arrest, and because appellant had "escaped." *See* Tex. R. App. P. 42.4 (providing comparable contemporary rule). The court rejected the State's argument because the appellant's probation could not be revoked pending his appeal. *Delorme*, 488 S.W.2d at 810.

To grant mandamus relief, a relator must show that the trial court abused its discretion and that he has no other adequate remedy at law. *Ater*, 802 S.W.2d at 243. Aaron has shown that the trial court abused its discretion. And because a defendant's right to an appeal is limited to an appeal from a final judgment of conviction, Aaron cannot appeal the trial court's warrants. *See Ex parte Bowens*, 572 S.W.3d 322, 324 (Tex. App.—Austin 2019, no pet.). Aaron thus has no adequate remedy at law.

## III. CONCLUSION

Because we do not have jurisdiction to grant Aaron habeas relief, we dismiss his petition and his motion for emergency temporary relief to the extent they seek his release from confinement. But to the extent that Aaron seeks mandamus relief to instruct the trial court to vacate its arrest warrants, we conditionally grant his petition. Accordingly, the trial court is instructed to vacate its October 10, 2025 arrest warrants. The writ will issue only if the trial court fails to comply.

/s/ Brian Walker

Brian Walker
Justice

Delivered: November 25, 2025

6