

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00292-CR

Armando **SIMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-2132
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  January 15, 2014

ABATED; MOTION TO WITHDRAW GRANTED

On October 19, 2011, Armando Simon was convicted of a violation of sex offender registration–annual (life) and was placed on community supervision for a term of ten years.  Simon appealed his conviction and this court affirmed the trial court's judgment in an opinion issued October 17, 2012.  *See Simon v. State*, No. 04-11-00783-CR, 2012 WL 4900916 (Tex. App.—San Antonio Oct. 17, 2012, pet. ref'd) (mem. op., not designated for publication).  The mandate was issued on March 19, 2013, and the trial court clerk acknowledged receipt of the mandate on March 22, 2013.  *See* TEX. R. APP. P. 18.1, 51.2(a).

On March 11, 2013, the trial court amended Condition No. 15 of Simon's community supervision to incorporate an addendum listing numerous sex offender conditions, including requiring counseling. Specifically, Condition No. 15(B) required Simon to attend and participate in an approved sex offender treatment program, with program participation defined as "attendance at all meetings, prompt payment of fees, admission of responsibility for your offense, and progress toward reasonable treatment goals." On April 3, 2013, the State filed a motion to revoke Simon's community supervision alleging that he violated Condition No. 15(B) by failing to comply with the instructions of Wodkins & Reed Counseling Services, LLC, his court-ordered sex offender treatment program, to attend scheduled meetings on March 2, 2013 and March 28, 2013, and, as a result, being suspended from the treatment program. At the revocation hearing, Simon pled "true" to failing to attend the program meetings on March 2, 2013 and March 28, 2013. After the conclusion of the hearing, the trial court found that Simon violated Condition No. 15(B) of his community supervision on the grounds alleged in the State's motion, revoked Simon's community supervision, and sentenced him to two years' imprisonment. The court assessed $7,680 in court costs, including $7,350 for appointed attorney fees. Simon appealed.

Simon's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable appellate issues and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Simon with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Simon has filed a *pro se* brief in which he raises issues he contends are arguable and non-frivolous.

After reviewing the record, counsel's brief, and Simon's *pro se* brief, we conclude that Simon has raised an arguable appellate issue requiring further briefing: that the conditions of his community supervision did not take effect until after the mandate was issued and that he therefore could not violate any conditions prior to issuance of the mandate. *See Surety Corp. of America v. State*, 550 SW.2d 689, 690 (Tex. Crim. App. 1977); *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973); *see Humphries v. State*, 261 S.W.3d 144, 145-46 (Tex. App.—San Antonio 2008, order). When an *Anders* brief has been filed and we determine there is an arguable ground for appeal, we must remand the case to the trial court for appointment of new appellate counsel to brief and present that issue along with any other grounds that might support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we grant appellate counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. The trial court shall, within fifteen (15) days from the date of our opinion and order, appoint new appellate counsel to present all arguable grounds of error, including but not limited to the non-frivolous ground noted in this opinion. The trial court clerk shall file a supplemental clerk's record containing the trial court's order appointing new appellate counsel within thirty (30) days from the date of this opinion and order.

PER CURIAM

DO NOT PUBLISH