William Henry SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43261.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

**142**

'H. Edward Johnson, Fort Worth, Court appointed on appeal, for appellant.

Frank Coffey, Dist. Atty., Jack Neal, Otto C. Stephani, Jr., Timothy E. Thompson and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 30 years.

Trial was before a jury on a plea of not guilty. The punishment was assessed by the court.

The sufficiency of the evidence is not challenged.

Appellant was represented by retained counsel and was on bond during his trial. Sentence was pronounced and notice of appeal was given on December 12, 1969. Upon application and affidavit of indigency, other counsel was appointed to represent appellant and the court reporter was ordered to prepare a statement of facts for appeal.

Appellant's brief filed in the trial court on March 27, 1970, sets forth as the sole ground of error the contention that the trial court erred "in refusing to permit appellant to develop and show by his bill of exception what facts he expected to prove by cross-examination of Tonza Allene Bell (the prosecuting witness) 'relative to the names and addresses of the persons who were in her company immediately prior to the alleged attack on her by appellant'."

Mrs. Bell testified that the robbery occurred in front of a barber shop on Evans Avenue, as she was walking home from the Anchor Club. She had been at the Club with some friends from about 11:30 until near midnight.

Referring to the Anchor Club, Mrs. Bell was asked on cross-examination: "And who were your friends there?" Counsel for the state objected to the question "as being immaterial and irrelevant." The court sustained the objection. Appellant's counsel stated: "It could be that it might become material," and "we would like to take a bill to it, Your Honor, to find out who those people were."

The jury was retired and testimony was elicited from Mrs. Bell that "one of those people who were supposed to be 'friends' was Wilma Fay Taylor." Then Mrs. Bell was asked: "Do you know where she (Wilma Fay Taylor) lives?" The state objected: "Now Your Honor, even for

the purpose of his Bill, we don't want to go on a fishing expedition here; and we object to that."

The court sustained the objection, stating: "If you can show any material connection with this man right here, I will let you show that, if he was in the crowd with them. Just ask her the question if this man here was in the crowd." Appellant's counsel expressed the thought that he would be "entitled to attack that Bill for other reasons * * * for instance, if this lady is mistaken in her identity, it might be that somebody else was in there at the time." And the court answered that he was going to sustain the objection, "even for the Bill."

The scene of the robbery was five or six blocks from the Anchor Club.

Appellant was permitted to elicit testimony in the jury's absence that Carolyn Evans and the man, Austin, who owned and ran the Anchor Club, were some of the other people who were there and that none of the friends left the Anchor Club with her.

 Whether viewed as complaining of the sustaining of an objection to questions presented out of the presence of the jury at a time when appellant was developing his informal bill of exception (as the state's brief suggests) or, as stated in appellant's brief refusing to permit appellant to develop and show by his bill of exception what facts he expected to prove by cross-examination of Mrs. Bell relative to the names and addresses of the persons who were in her company immediately prior to the robbery, we find no merit in appellant's contention that reversible error is shown.

Having obtained the names of the persons at the Anchor Club, one of whom was the owner and operator, there is no showing that any effort was made to show the materiality of any testimony that could have been elicited from anyone of those present with Mrs. Bell at the Anchor Club.

Under the 1965 Code of Criminal Procedure, errors otherwise shown by the record may be reserved on appeal without the necessity of any bill of exception. Art. 40.09 Vernon's Ann.C.C.P.

No reversible error appears in the record.

The judgment is affirmed.