Robert Lee ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49994.

Court of Criminal Appeals of Texas.

June 4, 1975.

Michael M. Phillips, Angleton, for appellant.

Ogden Bass, Dist. Atty., and Thomas W. Watson, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. Appellant pled guilty before the court on April 24, 1972, to the offense of felony theft and was assessed punishment at three (3) years' confinement. The imposition of the sentence was suspended, and the appellant was placed on probation subject to certain conditions of probation. Among the conditions of probation, appellant was to:

"A. Commit no offense against the laws of this State or of any other State or of the United States;

\* \* \* \* \* \*

"D. Report to the probation officer as directed on this date and the 24th day of each month hereafter;

\* \* \* \* \* \*

"H. . . . Pay to the probation officer a fee of $10.00 on the first Monday of each month during the probation period for probation supervision;

\* \* \* \* \* \*

The State filed a motion to revoke probation on July 18, 1973, alleging that the

appellant had violated condition (D) of his probation in that he had failed to report to the probation officer as directed on the 24th of December, 1972, and January, February, March, April, May and June, 1973. It was further alleged that appellant had violated condition (H) of his conditions in that he did not pay a fee of $10.00 on the first Monday of December, 1972, and January, February, March, April, May, June and July of 1973 for probation supervision.

The record reflects that the court appointed appellant an attorney and a hearing was set for July 24, 1973, but no hearing was had on that date. An amended petition for revocation of probation was filed by the State on July 1, 1974 (nearly one year after the original petition). The State alleged in the amended motion that appellant had violated conditions (D) and (H) in the identical manner that the original motion to revoke had alleged. It was further alleged by the State that condition (A) had been violated as follows:

"In that on or about the 28th day of March, 1974, in the County of Brazoria and State of Texas, Robert Lee Ross, was duly and legally convicted in the Justice Court of Brazoria County, Texas, Precinct #6, in cause number 74 R 280 for the offense of Assault. . . ."

A hearing on the amended motion to revoke probation was conducted on August 28, 1974. At the conclusion of the hearing, the court found that appellant had violated conditions (A), (D) and (H) of his probation, and appellant's probation was revoked.

Appellant urges the court abused its discretion in finding the appellant failed to report as directed for the months of January through June, 1973, because the probation officer changed the reporting requirements without the authority of the court. Appellant relies upon a travel permit given by Probation Officer C. B. Robertson to the appellant authorizing him to travel to Key West, Florida and remain there from December 4, 1972, to July 1, 1973, to work on a shrimp boat. The "travel permit" concluded with the requirement ". . . and will report to Probationer (sic) Officer not later than the day after date of return to Brazoria County."

Robertson testified that while he did issue such "travel permit" and did not expect the appellant to report in person he did give blank report forms to be used for reporting and for compliance with condition (D) while appellant was in Florida. He further related that the appellant did not report during the months alleged in the revocation motion, and he was unable to locate the appellant during this period of time.

Appellant testified he knew he was supposed to report to his probation officer while he was in Florida and acknowledged that he had been given blank reporting forms, but such forms had been lost in a storm when a twelve foot wave hit his boat. He related that without the forms he did not know the address of the probation officer and could not report or pay his probation fees. He conceded on cross-examination that he was aware that the Brazoria County Courthouse was located in Angleton.

Although the travel permit did instruct the appellant to report the day after his return to Brazoria County, it did not alter appellant's responsibility to report on the 24th day of each month under condition (D) of his probationary terms. We do not understand appellant to urge that he had relied upon such statement in the travel permit for his failure to report. His testimony was to the contrary.

■ It is well established that in revocation proceedings the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given the testimony. Diaz v. State, 516 S.W.2d 154 (Tex.Cr.App.1974); Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971), and cases there cited. In the instant case the trial judge obviously chose to disbelieve appel-

lant's explanation as to why he failed to report when he knew he was supposed to do so.

■ The evidence was sufficient to support the revocation for failure to report to the probation officer as alleged in the revocation motion. Cox v. State, 445 S.W.2d 200 (Tex.Cr.App.1969).

■ We need not discuss the other grounds upon which the trial judge based the revocation in view of the fact that the revocation order can be supported alone by the failure to report violation discussed above. In view of the fact, however, that this court has repeatedly cautioned trial judges, prosecutors and probation officers about the difficulties inherent in relying exclusively upon evidence of a conviction to support revocation based upon the probationary condition prohibiting the commission of a penal offense, Spencer v. State, 503 S.W.2d 557 (Tex.Cr.App.1974); Cannon v. State, 479 S.W.2d 317 (Tex.Cr. App.1972); Scott v. State, 516 S.W.2d 196 (Tex.Cr.App.1974); Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971); Hall v. State, 452 S.W.2d 490 (Tex.Cr. App.1970), we will note appellant's contention regarding the use of an assault conviction to support the revocation. It is observed that the jurat on the complaint upon which the conviction was based was undated. This invalidates the conviction. See Shackelford v. State, 516 S.W.2d 180 (Tex.Cr.App.1974). Further, there was no showing as to the date of the offense so as to show that it occurred within the probationary period. Again, we caution against exclusive reliance upon the use of convictions to show the commission of a penal offense in violation of probationary conditions.

Appellant contends he was denied a speedy trial because of an agreement by the State to recommend dismissal of the motion to revoke was not fulfilled.

■ There can be no question that a probationer is entitled to a "speedy trial" with regard to revocation proceedings. McClure v. State, 496 S.W.2d 588 (Tex. Cr.App.1973); Hilts v. State, 476 S.W.2d 283 (Tex.Cr.App.1972). However, in the case at bar, the record does not establish that the agreement upon which appellant relies ever existed. Applying the "balance test" of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and the factors there mentioned[1] we cannot conclude that the appellant has been denied a speedy trial.[2]

As to appellant's claim that he was denied the opportunity to perfect his bill of exception relating to the above mentioned agreement, we find it has no merit. After the assistant district attorney denied that he was a party to any such agreement or knew of any agreement, appellant's counsel sought to ask at one point if the fact that there had been some delay indicated some agreement might have been reached, and at another juncture sought to ask if the prosecutor had ever entered in plea bargaining on revocations of probation on other occasions. Each time the objection was sustained and there was a denial of the request to make a bill of exception *at that time*. There was no further effort made to perfect a bill of exception or proffer proof in accordance with Article 40.09, Sec. 6(d)(1), Vernon's Ann.C.C.P., to show what the testimony would have been if he had been permitted to elicit an answer to the questions. Davison v. State, 510 S.W.2d 316 (Tex.Cr.App.1974). See also Pegoda v. State, 470 S.W.2d 675 (Tex.Cr.App.1971). Further, we express doubt as to the materiality of the inquiry

1. We recognize that factors set forth in Barker v. Wingo, supra, are not regarded as talismanic. See also Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

2. We observe that appellant's speedy trial contention was raised for the first time on appeal. In fact, he filed two motions for continuance on the date of the revocation hearing.

sought. See Smith v. State, 460 S.W.2d 141 (Tex.Cr.App.1970). Even if the witness had answered each question in the affirmative, it would not have established the fact of an agreement in this case.

Appellant finally argues that the State failed to prove the appellant was on probation at the time the alleged violations of his conditions of probation occurred. It is asserted by appellant that his probation was granted April 24, 1972, and he appealed to the Court of Criminal Appeals. Appellant argues that the State had the burden of showing the appeal was dismissed or a mandate was handed down by the Court of Criminal Appeals in order to prove appellant was on probation at the time of the alleged violations.

An examination of the docket sheet reveals that an order was entered dismissing appellant's appeal on November 27, 1972. The dates alleged in the motion to revoke averring that appellant failed to report are subsequent to the dismissal date. This court has previously held that where an appeal is taken the terms of probation do not commence until the mandate of this court is issued. Delorme v. State, 488 S.W.2d 808 (Tex.Cr.App.1973). The same reasoning would be applicable in determining the terms of probation would commence at the time that an order dismissing an appeal was entered.

This situation is similarly analogous to a situation wherein an appellant contends that since it is possible he may have terminated his term of probation before the original probationary period under Article 42.12, Sec. 7, Vernon's Ann.C.C.P., the State must prove he was still on probation when the offense is alleged to have occurred. We held under this situation in Scott v. State, 516 S.W.2d 196 (Tex.Cr. App.1974), that the defendant had the burden to show he was not on probation at the time the offense was alleged to have occurred. In the present case, with evidence as to when appellant was originally placed on probation as well as the time in which

his appeal was dismissed, we hold that appellant had the burden to show he was not on probation.

The judgment of the trial court is affirmed.

DOUGLAS and ODOM, JJ., concur in the results.