In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-07-00572-CR


 _____________________




MARCUS FRANK KELLER, Appellant



V.



THE STATE OF TEXAS, Appellees






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 99946







MEMORANDUM OPINION

 Pursuant to a plea bargain agreement, Marcus Frank Keller pled guilty to aggravated
robbery. See Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003). The trial court concluded
the evidence was sufficient to find Keller guilty of aggravated robbery, but deferred
adjudication of guilt. The court placed Keller on community supervision for ten years and
assessed a $1500 fine.

 The State filed a motion to revoke asserting that Keller violated four conditions of his

community supervision. The trial court held a hearing on the motion. The State abandoned
its first count. Keller pled "not true" to the remaining three alleged violations. The trial
court found that Keller violated three conditions of his community supervision, revoked his
community supervision, found him guilty of aggravated robbery, and assessed punishment
at seventy-seven years of confinement in the Texas Department of Justice, Institutional
Division.

 Keller argues in his first two issues that the trial court abused its discretion in revoking
his community supervision without sufficient evidence that he failed to provide verification
of performing community service hours and of completing an anger management program. 
In his third issue, he contends the trial court abused its discretion in revoking his community
supervision without sufficient evidence that he failed to pay court-assessed fees of $270 by
October 10, 2007.

 We review the trial court's judgment revoking community supervision under an abuse
of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In
considering the trial court's decision, an appellate court reviews the record to determine
whether the State met its burden of proof. See Cardona v. State, 665 S.W.2d 492, 493-94
(Tex. Crim. App. 1984). Proof by a preponderance of the evidence of any one of the alleged
violations of the conditions of supervision is sufficient to support a revocation order. Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). In revocation proceedings, the trial
judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given
to the testimony. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); Ross v.
State, 523 S.W.2d 402, 403 (Tex. Crim. App. 1975).

 We consider issue three, as it is dispositive of the appeal. When the State alleges the
defendant violated his community supervision conditions by failing to pay court costs or
community supervision fees, "the [S]tate must prove by a preponderance of the evidence that
the defendant was able to pay and did not pay as ordered by the judge." Tex. Code Crim.
Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2008). (1) One of the conditions of Keller's
community supervision was that he pay a $1500 fine, supervision fees of $60 per month,
$200 in court costs, a PSI fee of $350, $1000 in attorney's fees, and a $50 crime stoppers fee,
all to be paid in a monthly amount of $90. His probation officer testified that as of October
10, 2007, Keller was $270 in arrears. Keller testified that he had been working while on
probation, and that he would have paid the $270 on October 10, 2007, the date he was to
report to his probation officer, had he not been arrested and taken into custody on October 

9, 2007, for another offense.

 There is no dispute that Keller's court-assessed costs were months in arrears. There
is also no dispute that as of October 10, 2007, he had not paid the $270. The State proved
Keller was able to pay the fees and was in arrears. See id. The trial court was not required
to accept his assurance that he would have paid the past-due fees if he had not been arrested. 
On this record, the trial court did not abuse its discretion in revoking Keller's community
supervision. We overrule appellant's third issue.

 Keller's first two issues do not address his failure to pay court-assessed fees. Proof
of a single alleged violation of a condition of community supervision is sufficient to support
revocation. See Moore, 605 S.W.2d at 926. We affirm the trial court's judgment revoking
appellant's community supervision.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on April 7, 2009

Opinion Delivered April 15, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. The statute in effect at the time of the hearing places the burden on the State to show
the defendant was able to pay and did not pay "[i]n a community supervision revocation
hearing at which it is alleged only that the defendant violated the conditions of community
supervision by failing to pay compensation paid to appointed counsel, community
supervision fees, or court costs[.]" Tex. Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon
Supp. 2008); cf. Act of May 30, 1977, 65th Leg., R.S., ch. 342, § 2, sec. (c), 1977 Tex. Gen.
Laws 909 (amended 2007). The Court of Criminal Appeals has held that the use of the word
"only" does not limit application of the section to instances in which the State makes solely
monetary allegations. Stanfield v. State, 718 S.W.2d 734, 736-37 (Tex. Crim. App. 1986).