

# NUMBER 13-17-00392-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAMIEN TERRELL GARDINER, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

By four issues, Appellant Damien Terrell Gardiner appeals the revocation of his deferred adjudication. Gardiner argues that: (1) the trial court abused its discretion by denying his motion for continuance; (2) the evidence was insufficient to prove the allegations were true; (3) his ninety–year sentence violated his Eighth Amendment rights; and (4) the trial court erred by failing to hold a hearing on Gardiner's motion for new trial. We affirm.

## I.  BACKGROUND

Gardiner pleaded guilty to aggravated robbery in Jefferson County in 2010.[1]  TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st C.S.).  He was granted deferred adjudication probation for ten years when he was seventeen years old. TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West, Westlaw through 2017 1st C.S.).  Ten months later in April 2011, the trial court considered allegations that Gardiner violated the conditions of his probation: 1) he was arrested for trespassing; 2) he was arrested for aggravated robbery; 3) he failed to perform community service as ordered; and 4) he owed court-ordered fees and restitution of $183.  Because Gardiner did not agree with the recommendation to adjudicate his guilt and revoke his deferred adjudication probation, the trial court held a hearing on a motion to revoke.

The motion was heard on July 11, 2011.  Gardiner pleaded "true" to the allegations that he failed to provide evidence of his community service hours and he failed to pay fees. He pleaded "not true" to the allegations that he committed trespass and he committed aggravated robbery, both on April 11, 2011.  See TEX. PENAL CODE ANN. §§ 29.03, 30.05. Anthony Woods, the victim of the aggravated robbery, testified at the hearing.  The State did not present evidence on the trespassing charge.  Defense counsel presented testimony from Gardiner's grandfather and Gardiner's girlfriend to rebut Woods' testimony and to provide Gardiner with an alibi.  The trial court found the aggravated robbery charge to be true, but found the trespass charge not true.  The trial judge adjudicated Gardiner's

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Ninth Court of Appeals in Beaumont.  See TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

guilt for the 2010 aggravated robbery, sentenced Gardiner to ninety–nine years' imprisonment in TDCJ-ID, and certified his right to appeal on July 11, 2011.[2]

## II.  PRESERVATION OF ERROR

The State responded to Gardiner's issues one, three, and four by arguing that the issues were not preserved for review.  Before the Court may consider Gardiner's issues on appeal, it must determine whether the issues were preserved for review.

### A.  Motion for Continuance

Gardiner argues that the trial court abused its discretion by denying his motion for continuance of the hearing on the State's motion to adjudicate.  "[A] sworn written motion [is required] to preserve appellate review from a trial judge's denial of a motion for a continuance."  *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2010); *see* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.06, 29.08 (West, Westlaw through 2017 1st C.S.); *see also Blackshear v. State*, 385 S.W.3d 589, 591–92 (Tex. Crim. App. 2012*)* (holding that the court of appeals should not address merits of unpreserved issue); *Bailey v. State*, No. 09-12-00084-CR, 2012 WL 4017769 at *2 (Tex. App.—Beaumont Sept. 12, 2012, no pet.) (mem. op., not designated for publication) (holding defendant's oral motion for continuance did not preserve error).

Defense counsel made an unsworn oral motion for continuance the day of the revocation hearing because he had not been able to obtain documents from the police department that might prove an alibi for Gardiner.  Later during the hearing, defense counsel again asked for a continuance to obtain two witnesses.  The trial court denied that

---

[2] Although Gardiner filed a *pro se* Notice of Appeal on August 9, 2011, he was not appointed counsel and the appeal did not proceed.  On May 23, 2017, the Texas Court of Criminal Appeals granted Gardiner an out-of-time appeal.

3

request.  "[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson*, 301 S.W.3d at 279.  Because Gardiner failed to file a sworn written motion for continuance, this issue was not preserved for appeal.  We overrule Gardiner's first issue.

## B.     Motion for New Trial

By his second issue, Gardiner contends that the trial court erred by failing to hold a hearing on his motion for new trial.  Gardiner's counsel filed a verified motion for new trial seeking to present new evidence of alibi, the same evidence that counsel requested a continuance to obtain.  Although counsel attached an order to set the motion for new trial for hearing, no hearing was set, and the trial court did not rule on the motion.  A motion for new trial that is not ruled on by written order is denied by operation of law.  TEX. R. APP. P. 21.8(c).

A motion for new trial must be presented to the trial court within ten days after filing. *Id.* 21.6.  Presented "means the defendant must give the trial court actual notice that he timely filed a motion for new trial and requests a hearing."  *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (citing *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005)).  When the movant fails to present a motion for new trial to the trial court, he fails to preserve error and this Court may not consider the issue.  *See id.*[3]  We find the error was not preserved and overrule Gardiner's second issue.

---

[3] "[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."  *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017).

## C.    EXCESSIVE SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT

In his third issue, Gardiner complains that his sentence of ninety–nine years is excessive and violates the Eighth Amendment prohibition on cruel and unusual punishment. Gardiner was sentenced after the trial court revoked his deferred adjudication probation arising from his aggravated robbery conviction.[4] The sentence imposed is for his original crime which was a first-degree felony with a punishment range of five to ninety–nine years, or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.32.

The Court must first determine whether Gardiner preserved his claim that his sentence is excessive. Defense counsel did not object to the sentence. He filed a post-judgment Motion for Reconsideration or Reduction of Sentence, but that motion argued

---

[4] THE COURT: Mr. Gardiner, how bad was Mr. Davis beaten?
THE DEFENDANT: I -- I wasn't there when the beating. I -- I got caught on the crime scene. The only reason that I --
THE COURT: What do you call the crime scene?
THE DEFENDANT: Like when it happened. Like wherever it happened at.
THE COURT: Where he was laying in the coma in the ditch --
THE DEFENDANT: Yes, sir.
THE COURT: -- where he's left for dead?
THE DEFENDANT: Yes, sir.
THE COURT: Yeah. So, how bad was he beaten?
THE DEFENDANT: Well, it looked like he was beat pretty bad.
THE COURT: And you pled guilty to that; right?
THE DEFENDANT: I pled guilty. I pled guilty to that because I was in jail. . . .
THE COURT: You're 17. You are one of the meanest, most vicious people I've ever encountered in my nine years of being a district judge, and I mean that with all of my heart. I watch your demeanor. I watch your eyes. I watch you stare people down. I watch you laugh. Every bit of this has been a game to you. You left Mr. Davis in a ditch beaten within a moment of his life for dead. And what was your gain out of that? What did y'all get off Mr. Davis?
THE DEFENDANT: I ain't rob this man.
THE COURT: Okay. He was hit in the head with a rock; right?
THE DEFENDANT: Yes, sir. . . .
THE COURT: Here's the good news: The good news is nobody has been killed yet by you. The bad news is if you're continued on probation that's a guaranteed result. In your case, having found Counts 1, 3, and 4 to be true, I hereby revoke your unadjudicated probation. I now find you guilty of the offense of aggravated robbery. You are guilty. I assess your punishment at 99 years confinement in the Institutional Division. You will receive credit for any time that you are entitled to by law.

5

mitigating evidence and did not raise an objection that his sentence was excessive, or that it violated Gardiner's due process or Eighth Amendment rights. Gardiner's motion for new trial did not raise an objection to his sentence either.

To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection and obtain a ruling. TEX. R. APP. P. 33.1(a). Even constitutional claims may be waived by a party's failure to make a timely and specific objection. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).[5] Gardiner failed to preserve his complaint regarding the length of his sentence. We overrule Gardiner's third issue.

### III. CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE

Gardiner's fourth issue challenged the sufficiency of the evidence to support allegations in the motion to revoke his deferred adjudication probation. We address each allegation separately.

### A. GARDINER FAILED TO REPORT COMMUNITY SERVICE HOURS

Gardiner challenges the sufficiency of the evidence that he failed to report community service hours. He was assessed 1000 hours of community service with 500 hours to be performed the first year. Ten months into his deferred adjudication probation Gardiner had completed only twenty-one of his required 500 hours. He argues on appeal that the requirements were too indefinite to support a violation. Gardiner pleaded "true" to

---

[5] *See also Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (upholding life sentence for aggravated sexual assault of child against Eighth Amendment challenge where appellant failed to object to trial court); *Ajisebutu v. State*, 236 S.W.3d 309, 311–13 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding Texas constitutional argument waived by defendant's failure to object); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) (explaining Eighth Amendment argument was waived where sentence was in statutory punishment range, and defendant failed to object); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding appellant waived Eighth Amendment arguments by failing to object).

this violation. A plea of "true," standing alone, is sufficient to support revocation. *See Ross v. State*, 523 S.W.2d 402, 403–04 (Tex. Crim. App. 1975).[6]

**B. SUFFICIENCY OF THE EVIDENCE OF FAILURE TO PAY FEES**

Although Gardiner pled "true" to failure to pay fees, he challenges the sufficiency of the evidence to support the trial court's finding. He points out that the State did not prove his ability to pay or that his failure to pay was willful. He further argues that the trial court did not inquire into the reason he failed to pay. He claims these failures violated the Texas "ability to pay"[7] statute and *Bearden v. Georgia*, 461 U.S. 660 (1983).

Although the State did not prove that Gardiner had the ability to pay the balance, because he pleaded "true" to a separate allegation, failure to report his community service hours, the evidence is sufficient to support revocation. Even one probation violation will support a trial court's order to revoke. *See Ross*, 523 S.W.2d at 403–04; *see also Smith*, 286 S.W.3d at 342. Gardiner's plea of "true" regarding community service hours waived any complaint as to other bases for revocation.

**C. Sufficiency of the Evidence of Aggravated Robbery**

---

[6] "We need not discuss the other grounds upon which the trial judge based the revocation in view of the fact that the revocation order can be supported alone by the failure to report violation discussed above." *Ross v. State*, 523 S.W.2d 402, 403-04 (Tex. Crim. App. 1975).

[7] Article 42.12(c) read as follows at the time of Gardiner's revocation hearing:

(c) In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (recodified by Acts 2015, 84th Leg., ch. 770, § 101, eff. Jan. 1, 2017. Amended by S.B. 1488, §§ 23.014(a), 23.021(a), 85th Leg., eff. Sept. 1, 2017).

7

Gardiner also challenges the sufficiency of the evidence to support the trial court's finding that the allegation of armed robbery in April 2011 was "true." He contested this basis for revocation in the trial court.

The trial court heard testimony on the contested allegation of aggravated robbery. The victim Amos Woods testified that he was a neighbor of Gardiner's grandfather, that he had some contact with Gardiner in the neighborhood, and did not recognize him the night of the robbery. The robbery took place outside around 10 p.m. and it was dark. The robber wore what turned out to be a mask with long dark curly hair attached to it. The robber pointed a gun at Woods and demanded his money. When Woods turned to run away, the robber tripped Woods, hit Woods on the head with the gun, and took Woods' jacket, wallet, and about $8 in cash. Woods further testified there was something familiar about the robber.

The next morning, Woods walked in the direction that the robber went when he left. Woods hoped to find some of his belongings. He saw a mask with black curly hair in Gardiner's grandfather's front yard that looked like the one the robber wore the night before. Woods called the police that morning. Woods thought that Gardiner was likely the man who robbed him.

Defense counsel questioned Woods thoroughly about the events of the night. On redirect, Woods testified that he recognized Gardiner's voice the night of the robbery and believed it was the voice of his neighbor's grandson, although he did not know the grandson's name until he asked around.

Gardiner's grandfather testified that Gardiner and his girlfriend were at home at 9:30 p.m. the night of the robbery and he did not believe they left. He further testified that when he left for work at 4:30 a.m. the morning after the robbery, there was no mask in his front yard. Gardiner's girlfriend Tiera testified that her mother came to Gardiner's home around 9:30 p.m. and got into an altercation with Gardiner. Tiera's mother broke a window in Gardiner's car. Tiera testified that she and Gardiner left to call the police after her mother broke Gardiner's car window; the police came; Gardiner was interviewed, and was taken to jail about 10 p.m. the night of the robbery.

Although the events of the night were disputed, the trial judge was the fact-finder and sole judge of the credibility of the witnesses. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v.* State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). To revoke a defendant's probation, the trial court must find the allegation(s) to be true by a preponderance of the evidence. *Hacker*, 389 S.W.3d at 865. Woods' testimony supplied evidence of the elements of aggravated robbery.[8] TEX. PENAL CODE ANN. §§ 29.02, 29.03.

**D. Summary**

The evidence was sufficient to establish by a preponderance of the evidence that Gardiner failed to report his community service hours, failed to pay his fees as required and, Gardiner committed aggravated robbery as alleged in the motion to revoke. The Court overrules Gardiner's fourth issue challenging the sufficiency of the evidence to support the allegations in the motion to revoke.

---

[8] A person commits robbery if: "in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02 ((West, Westlaw through 2017 1st C.S.). Robbery becomes aggravated robbery if the defendant uses or exhibits a deadly weapon. *Id.* § 29.03(a)(2); *Herring v. State*, 202 S.W.3d 764, 766 (Tex. Crim. App. 2006) (affirming conviction of aggravated robbery where defendant had knife, told victim he had knife, and threatened to kill victim.).

9

## IV. Conclusion

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed the
12th day of July, 2018.