**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00296-CR**
_____

**MARIO RUIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-11-15514-CR**

_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Mario Ruiz for driving while intoxicated (subsequent offense), a third-degree felony, and the indictment alleged two prior convictions for driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04; 49.09(b). Ruiz pleaded "guilty" in 2022 to the offense, and the trial court sentenced Ruiz to ten years of confinement, suspended the sentence, and placed Ruiz on community supervision for ten years.

1

In 2024, the State filed an Amended Motion to Revoke Community Supervision (hereinafter "Amended Motion")[1] and alleged eighteen violations of his community supervision in eighteen separate paragraphs. Paragraph one of the Amended Motion alleged that Ruiz committed the offense of assault causing bodily injury of a family member (a violation of the condition of Ruiz's community supervision requiring him to commit no offense against the laws of Texas or any other State); paragraphs two through sixteen alleged that on specified dates and times Ruiz "rendered a high BrAC reading" on his Ignition Interlock device (a violation of the condition of Ruiz's community supervision requiring him not to consume alcohol or controlled substances); paragraph seventeen alleged that Ruiz operated a vehicle without a valid driver's license on or about September 7, 2022 (a violation of the condition of Ruiz's community supervision requiring that his license be suspended from January 12, 2022 to January 12, 2023); and paragraph eighteen alleged that Ruiz failed to contribute 120 hours of community service restitution at a rate of 16 hours per month for the months of March, April, May, June, July, August, September, and October of 2022 (a violation of the condition that Ruiz contribute 120 hours in community service restitution at an organization approved

---

[1] In its Amended Motion, the State amended the date of one of the alleged violations listed in the earlier-filed Motion to Revoke Community Supervision.

by the trial court and that it be performed at the rate of 16 hours per month beginning February 2022).

At the evidentiary hearing on the Amended Motion, Ruiz pleaded "not true" to the eighteen alleged violations. At the hearing's conclusion, the trial court found all eighteen of the alleged violations "true," revoked Ruiz's community supervision, and sentenced Ruiz to ten years of confinement. Ruiz timely appealed.

Ruiz raises ten issues on appeal related to the trial court's finding of "true" to the allegations in paragraphs one through sixteen of the Amended Motion. However, in none of those issues does Ruiz challenge the trial court's finding of "true" to the State's allegations in paragraphs seventeen and eighteen of the Amended Motion, which alleged that Ruiz violated the condition of his community supervision requiring that he not operate a motor vehicle while his license was suspended from January 12, 2022 to January 12, 2023, and that Ruiz violated the condition of his community supervision requiring him to contribute 120 hours in community service restitution at an organization approved by the trial court at the rate of 16 hours per month beginning February 2022 .

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court has discretion to revoke community supervision when a preponderance of the

evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Latimer v. State*, 659 S.W.3d 135, 140 (Tex. App.—Beaumont 2022, no pet.). Thus, to prevail on appeal an appellant must successfully challenge all the findings that support the revocation order. *See Smith v. State*, 286 S.W.3d 333, 342-43 & n.36 (Tex. Crim. App. 2009) (citing *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *Ross v. State*, 523 S.W.2d 402, 404 (Tex. Crim. App. 1975)); *Latimer*, 659 S.W.3d at 140 ("To prevail on appeal, an appellant must successfully challenge all findings that support the revocation order."). Because Ruiz failed to challenge the trial court's findings that he violated conditions as alleged in paragraphs seventeen and eighteen in support of the trial court's revocation, we need not address his arguments challenging the findings that he violated the conditions as alleged in paragraphs one through sixteen, and we affirm the trial court's judgment. *See Smith*, 286 S.W.3d at 342-43 & n.36; *Latimer*, 659 S.W.3d at 140.

However, we note that the judgment reflects that the "Statute for Offense" is "49.04[,]" the section of the Texas Penal Code that defines the offense and the varying classifications for the offense of driving while intoxicated. *See* Tex. Penal

4

Code Ann. § 49.04. Here, Ruiz pleaded "guilty" to the offense as alleged in the indictment, and the indictment alleged that he had been convicted of driving while intoxicated on two prior occasions. While the inclusion of "49.04" as the "Statute for Offense" is not incorrect, the judgment erroneously omitted section 49.09(b)(2) of the Texas Penal Code, which enhances a misdemeanor DWI offense to a third-degree felony if it has been shown at trial that the defendant has been previously convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. *See id.* § 49.09(b)(2).

This Court has the authority to reform the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we reform the judgment to reflect that the "Statute for Offense" is "49.04, 49.09(b)(2)[.]" Otherwise, we affirm the trial court's judgment as reformed.

AFFIRMED AS REFORMED.

LEANNE JOHNSON
Justice

Submitted on June 5, 2025
Opinion Delivered June 18, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

5